## UNITED STATES v. WADE et al.

District Court, S. D. Texas, Houston Division.

June 30, 1932.

H. M. Holden, U. S. Atty., and Albert Thomas, Asst. U. S. Atty., both of Houston, Tex., for the United States.

Wm. H. Scott, of Houston, Tex., for defendants.

KENNERLY, District Judge.

Defendants Wade, Wolf, Dean, and others are charged with a violation of section 387, title 18, USCA. Wade, upon his plea of guilty, has been sentenced to a term in jail. Wolf and Dean pleaded not guilty, and waive a jury.

The evidence shows that lottery tickets and other matter concerning a lottery were shipped in packages in interstate commerce from a city in another state to defendant Wade, at Houston, Tex. Wade arranged for the shipments to be made to him, and received the original packages from the transportation company. Such tickets, etc., came to a "state of rest" in Wade's hands. Sonneborn Bros. v. Cureton, 262 U. S. 507, 43 S. Ct. 643, 67 L. Ed. 1097. Wade is clearly guilty, but up to this point the evidence shows no connection of either of the defendants, Wolf and Dean, with the transaction.

Wade opened the packages and delivered some of the lottery tickets to Wolf and Dean. They, knowing the manner in which Wade had obtained them, sold them·for Wade, within the state of Texas, accounting to him for the proceeds of sale, less a commission which they received.

This statute is highly penal, and must be strictly construed. France v. United States, 164 U. S. 676, 17 S. Ct. 219, 41 L. Ed. 595. When the history of this statute is looked to, it is clear that it was the intention of Congress to prohibit the transportation of matter concerning a lottery in interstate commerce, and not to prohibit the character of intrastate transactions to which Wolf and Dean were parties. Such transactions are adequately dealt with by state law. Articles 654 and 655 Texas Penal Code.

Judgment will enter, finding Wolf and Dean not guilty.