**UNITED STATES of America**
v.
**Thomas V. SANDERLIN, E. A. Knewstep, Sr.**
**No. 825.**

United States District Court
E. D. Virginia,
Newport News Division.
Nov. 14, 1961.

2. See certified copy of Clerk's file from Mercer County Court in Trenton, New Jersey.

C. V. Spratley, Jr., U. S. Atty., Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., for the United States.

Gordon E. Campbell, Samuel Goldblatt, Norfolk, Va., for defendants.

WALTER E. HOFFMAN, Chief Judge.

The indictment charges that the defendants herein did:

"[U]nlawfully, feloniously and knowingly take and receive a quantity of papers, certificates and instruments purporting to be and to represent tickets, chances, shares and interests in and dependent upon the event of a lottery, and similar scheme, offering prizes dependent in whole and in part upon lots and chances, to-wit, a quantity of tickets for the Irish Hospital Sweepstakes on the Grant National 1962, to be run at Aintree, England, in 1962, which had theretofore been brought into the United States."

The possible maximum penalty for a violation of the statute referred to in the indictment, 18 U.S.C.A. § 1301, is two years' imprisonment and a fine of $1,000, or both.

Under this indictment and the statute in question, a mere purchaser of an Irish Sweepstakes ticket may be prosecuted. For all we know from the indictment, the defendants, Sanderlin and Knewstep, may have been purchasers of an unknown quantity of such tickets.

The indictment alleges that the tickets had *"theretofore* been brought into the United States." Thus, the interstate or foreign commerce had ceased according to the contention of the Government. Where is the authority of Congress to regulate foreign commerce concerning merchandise which has already been "brought into the United States"? In United States v. McGuire, 2 Cir., 64 F.2d 485, 491, the court referred to the use of the word "theretofore" and said:

"If the words of the indictment are given their usual meaning, the interstate carriage of the tickets had ended before the defendants caused Finn to receive them, and it might have ended an indefinite time before. This statute must be strictly construed. France v. United States, 164 U.S. 676, 17 S.Ct. 219, 41 L.Ed. 595. It is the authority of Congress to regulate interstate [or foreign] commerce which makes such a statute valid. * * * And the allegations that they had therefore been so sent when the defendants caused Finn to receive them *means* that interstate transportation of them was, as of that time, a thing of the past. It had ended."

The defendants herein are not charged with aiding and assisting in effecting a shipment or carriage of lottery tickets into the United States. As the Government, by the indictment, has seen fit to charge these defendants with taking and receiving lottery tickets which had *previously* been brought into the United States, the offense, if any, would be a violation of the laws of Virginia. There is no allegation in this indictment that the lottery tickets were in foreign commerce. One of the essential elements of the offense (18 U.S.C.A. § 1301) appears to be that the goods were still in interstate or foreign commerce. United States v. Wora, 2 Cir., 246 F.2d 283. Those who receive lottery tickets from the consignee in the state of ultimate destination, and distribute such tickets for the consignee, are not within the statute as they are engaged in intrastate transactions. United States v. Wade, D. C.S.D.Tex., 59 F.2d 831. As Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requires a written statement of the "essential facts constituting the offense charged" to be contained within the indictment, the Court is of the opinion that no federal offense is charged.

The defendants' motion to dismiss the indictment will be sustained without prejudice to the United States, should it be so advised, and without prejudice to any state or local authority, should it be so advised, to proceed in an appropriate manner against the said defendants.

Present order.