## UNITED STATES v. KAPLAN.
### No. 313, Docket 20267.

Circuit Court of Appeals, Second Circuit.

Aug. 1, 1946.

John F. X. McGohey, of New York City (Harold J. McAuley, of New York City, of counsel), for appellee.

Hartman, Sheridan, Tekulsky & Donoghue and Morris D. Reiss, all of New York City (Peter J. Donoghue, of New York City, Burton B. Turkus, of Brooklyn, N. Y., and Morris D. Reiss, of New York City, of counsel), for appellant.

Before SWAN, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The United States having confessed error in the introduction of certain exhibits, the judgment was reversed and the cause remanded for a new trial. The appellants have moved that the mandate be stayed and decision rendered on other errors which they contend require dismissal of the indictment.

Appellant Kaplan and a codefendant Elias (who pleaded guilty) were indicted under an indictment consisting of five counts, each specifically charging violation of 18 U.S.C.A. § 409, and stating that the defendants had stolen certain goods which "prior to their having been stolen from Pier 49, North River, Borough of Manhattan, City, State and Southern District of New York, were moving as, were part of, and constituted an interstate shipment of freight."

After the jury had returned a verdict of guilty, appellant moved in arrest of judgment on the ground that the indictment charged no crime in that it failed to allege that the goods, at the time of the theft, were moving in interstate commerce. 18 U.S.C.A. § 409 provides, " * * * whoever * * * shall steal or unlawfully take, carry away, or conceal, or by fraud or deception obtain from any railroad car, station house platform, depot, wagon, automobile, truck, or other vehicle, or from any steamboat, vessel, or wharf, with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express, or shall buy or receive or have in his possession any such goods or chattels, knowing the same to have been stolen * * * shall * * * be * * * imprisoned. * * *"

■ We think that the defect in the indictment was one of form rather than substance, and not ground for reversal. United States v. Drexel, 2 Cir., 56 F.2d 588;[1] United States v. Compagna, 2 Cir., 146 F.2d 524, 527; United States v. Groopman, 2

Cir., 147 F.2d 782, 785, 786; United States v. Goldsmith, 2 Cir., 108 F.2d 917, 919.

There was ample evidence from which the jury could reasonably have inferred that the goods were moving in interstate commerce when stolen. The witness Rule, freight agent for the Pennsylvania Railroad, and in charge of Pier 49, testified that all freight handled by the railroad at that Pier always moved in interstate commerce, i.e., in transit from New Jersey (or beyond) to New York or from New York to New Jersey (or beyond). Appellant relies heavily on the following question and answer, on cross examination, to prove that the stolen goods involved here may not have been thus in transit:

"Q. Will you say, Mr. Rule, that at no time merchandise can get on that pier, whether by mistake or by some agreement between drivers and employees, merchandise that is not interstate? Will you swear to that? A. No.

"Q. You will not? A. Would not."

■ Obviously, the witness was unwilling to swear that by no possibility, through a mistake or improper agreement, an intrastate shipment might not have been on the pier. But we are satisfied that his answer, coupled with the rest of his testimony, showed that such a possibility was so remote that the jury could properly disregard it.

■ As we must on the confession of error, reverse and remand for a new trial, we note the following: The judge, in his instructions, said, "This case involves five separate charges of knowingly receiving and having in possession goods which had been stolen and which goods prior to the time they were stolen, were part of an interstate shipment of freight." This comment underscored the defect in the form of the indictment. The judge should have told the jury that appellant could be found guilty only if it found from the evidence that the goods were still moving in interstate commerce when the theft occurred.

Reversed and remanded.

[1] United States v. McGuire, 2 Cir., 64 F.2d 485, is distinguishable. The court thought that the indictment plainly stated that interstate commerce had ceased before the tickets were received by Finn.