**UNITED STATES v. McCULLOCH.**

No. 1280 Criminal.

District Court, N. D. Indiana, Fort Wayne Division.

March 5, 1947.

560

Gilmore S. Haynie, Asst. U. S. Atty., of Fort Wayne, Ind., for the government.

Harry H. Hilgemann, of Townsend, Hilgemann & Logan, all of Fort Wayne, Ind., for defendant.

SWYGERT, District Judge.

The defendant attacks the sufficiency of the indictment by a motion to dismiss. The indictment charges a violation of Section 409, Title 18 U.S.C.A., which section in pertinent part reads:

"(a) Whoever shall * * * (2) embezzle, steal, or unlawfully take, carry away, or conceal, or by fraud or deception obtain from any—

"(i) railroad car, motortruck, wagon, or other vehicle,

"(ii) station house, platform, depot, or terminal,

"(iii) steamboat, vessel, or wharf,

"(iv) aircraft, airport, aircraft terminal or air navigation facility, any goods or property moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express, with intent to convert such goods or property to his own use, or shall buy, receive, or have in his possession any such goods or property, knowing the same to have been embezzled or stolen * * * shall * * * be fined not more than $5,000 or imprisoned not more than ten years, or both. * * *"

The charging part of the indictment is as follows:

"On or about the 16th day of July, 1946, in the Northern District of Indiana, Fridley McCulloch had in his possession three cartons of cigars, which were moving as interstate commerce, and he then knew the said cigars to have been stolen."

■ The Government contends that the indictment meets the requirements of Rule 7(c) of the Rules of Criminal Procedure, 18 U.S.C.A. following section 687.

There is no doubt that this rule was designed to bring about a simple form of indictment. Its purpose was to do away with the redundancy and verbiage which needlessly burdened many indictments under the former practice. On the other hand it did not change the essential requirements of a valid indictment. Each and every element of an offense must be charged in an indictment. United States v. Standard Brewery, 251 U.S. 210, 40 S. Ct. 139, 64 L.Ed. 229. The rule itself provides that it shall be a "definite written statement of the *essential* facts constituting the offense charged." (Emphasis supplied.) The indictment in this case does not contain all of the essential facts constituting the crime charged. That is, it does not charge that the goods were obtained from any of the places or facilities of transportation enumerated in the statute. Such omission is fatal. United States v. Cohen, 3 Cir., 274 F. 596; Wolkhoff v. United States, 6 Cir., 84 F.2d 17.

■ The motion to dismiss is well taken for an added reason. Justice Holtzoff in United States v. Starks, 6 F.R.D. 43, restates the general rule as to indictments, as follows:

"First, it must apprise the defendant of the specific offense with which he is charged. * * * The second test is that the indictment must be sufficiently definite in order that if the defendant is later charged with the same offense he will be in a position to interpose a plea of double jeopardy."

■ The indictment under consideration does not meet these tests because it does not identify the stolen goods with sufficient definiteness. Allegations of ownership or other averments tantamount to identify by ownership are essential. Kasle v. United States, 6 Cir., 233 F. 878; Bloch v. United State, 5 Cir., 261 F. 321, 322.

The motion to dismiss is granted.