**UNITED STATES of America**

v.

**Alfred MANUSZAK, Appellant.**

**No. 11664.**

United States Court of Appeals
Third Circuit.

Argued Feb. 23, 1956.

Decided June 19, 1956.

Donald J. Goldberg, Philadelphia, Pa., for appellant.

Robert W. Lees, Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

This is an appeal by Alfred Manuszak who was convicted in the United States District Court for the Eastern District of Pennsylvania of offenses under 18 U. S.C. § 659 (theft of goods from an interstate shipment of freight) and 18 U.S.C. § 2314 (interstate transportation of stolen goods). Several questions are raised, including the validity of count 1 of the indictment, and the prejudicial effect of the district court's instructions to the jury.

The indictment in this case contains three counts. The first charged a theft of certain goods from an interstate shipment of freight, 18 U.S.C. § 659; the second charged an interstate transportation of stolen goods, 18 U.S.C. § 2314; and the third charged a conspiracy to commit offenses against the United States, 18 U.S.C. §§ 371 and 659. In all three counts, individuals other than appellant also were named, but we are now concerned only with appellant's indictment and conviction. The defense moved for acquittal on all counts at the end of the government's case and again after the defense rested. These motions were denied and the cause submitted to the jury which returned verdicts of guilty on all three counts. After further argument on the same motions at a later date, the district court granted a motion for judgment of acquittal on count 3, the conspiracy count; denied the motions for acquittal and for a new trial on the first two counts; and imposed a two-year sentence on each count, which sentences are to run concurrently.

One of appellant's contentions is that count 1 of the indictment should be quashed because it does not charge a crime. Although the alleged defect was not brought to the attention of the district court, it can properly be raised in this court, for such a defect shall be noticed at any time. Fed.Rules Crim. Proc. Rule 12(b) (2), Rule 54(a) (1), 18 U.S.C.; Johnson v. United States, 9 Cir., 1953, 206 F.2d 806, 808; United States v. Amorosa, 3 Cir., 1948, 167 F.2d 596,

598. Specifically, it is said that count 1, although charging a theft of interstate goods, does not contain any charge as to the specific place or facility from which the goods were taken; accordingly, an essential element of the crime is lacking, which circumstance renders the indictment invalid.

We think appellant's contention is a good one. The relevant portion of 18 U.S.C. § 659 reads:

"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any railroad car, wagon, motortruck, or other vehicle, or from any station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express * * * shall * * * be fined * * * or imprisoned * * * or both * * *."

■ Under this statute, it is not a federal crime to steal goods from an interstate shipment of freight unless the goods are taken from one of the specifically enumerated places or facilities. Other thefts, although of goods which are part of an interstate shipment, are not federal crimes. That being so, an indictment which only charges a theft of goods from an interstate shipment of freight without alleging that the goods were taken from one of the specifically enumerated places or facilities does not charge all the essential ingredients of a crime so far as the federal government is concerned. Wolkoff v. United States, 6 Cir., 1936, 84 F.2d 17; United States v. Cohen, 3 Cir., 1921, 274 F. 596; United States v. McCulloch, D.C.Ind.1947, 6 F.R.D. 559. Count 1 of the indictment in this case charges that appellant, along with other named individuals, "did, with intent to convert to their own use, know-

ingly and unlawfully steal, take and carry away certain goods which were interstate shipment of freight from Philadelphia, Pennsylvania to Geneva, Illinois, to wit: 100 cases of whisky, which said whisky had been theretofore consigned by the Continental Distilling Sales Company, Philadelphia, Pennsylvania, to the Geneva Bottling Company, Geneva, Illinois, as well as an interstate shipment of freight from Philadelphia, Pennsylvania, to Chicago Heights, Illinois, to wit: 835 cases of whisky, which said whisky had been theretofore consigned by the Continental Distilling Sales Company, Philadelphia, Pennsylvania, to the Chicago Heights Distributors, Inc., Chicago Heights, Illinois; in violation of Title 18 U.S.C., Section 659."

■ Nowhere in the language of count 1 can allegations be found specifying the place or facility from which the goods were taken. For this reason the count is a nullity as a charge of a federal crime and should be quashed. The defect is not one of form which will be overlooked after a verdict when no prejudice is shown. Although after a verdict every intendment should be indulged in support of the count, neither the verdict nor the evidence supporting the verdict can be used as a basis for dispensing with the rule that the indictment must state all the essential ingredients of the crime. See Hagner v. United States, 1932, 285 U.S. 427, 433, 52 S.Ct. 417, 76 L.Ed. 861; United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92; United States v. Tornabene, 3 Cir., 1955, 222 F.2d 875; United States v. Amorosa, 3 Cir., 1948, 167 F.2d 596, 598.

There remains appellant's conviction on count 2 of the indictment which charged an interstate transportation of stolen goods. Among the questions raised by appellant is whether the district court, in charging the jury, improperly withdrew from its consideration the determination of a fact essential to conviction. If so, the conviction cannot stand because the determination of all factual questions is for the jury.

■ One of the facts essential to appellant's conviction was the theft of the goods which were transported in interstate commerce. At the trial, the government introduced evidence that a theft of goods occurred and that those goods were transported in interstate commerce, but did not contend or attempt to prove that the appellant was physically present or actually participated in the theft or transportation of the goods. Generally, the government sought to implicate appellant by showing through evidence of certain conversations that he played a part in negotiations and arrangements preceding the theft and was to receive some of the stolen goods and so was guilty of aiding and abetting those who did commit the theft and transport the goods.

Appellant denied that the alleged conversations had ever taken place and testified that he knew nothing at all about the whole affair. Some of the individuals who had admitted their participation in the various transactions supported the government's version of the facts while other such individuals supported appellant's version.

■ The district court left to the jury the determination of whether appellant had engaged in the alleged conversations and should thereby be implicated as an aider and abettor, but did not, contends the appellant, submit the question of the theft itself to the jury.

We think appellant is correct. A reading of the complete charge indicates that it assumed that a theft had occurred and created in the jury's mind the impression that their only concern was whether appellant was implicated. There is no need to set out the full charge, which covers over 25 pages in the joint appendix. In the early part of the charge, some of the language used concerning the theft may be read as an explanation to the jury of the government's case, but this is not clear. Near the end of the charge, the court said: "I do not know of anything further that I can say to you. There isn't any use going into the question of

the actual holdup and highjacking as to this defendant, because he has taken the stand and he says he knows absolutely nothing of it; that he knew nothing of the original preliminary conversation allegedly had; and therefore there is no use going into what part the others played in it. He does not deny that there was a highjacking; he says, 'I don't know anything about it.' "

After the jury had been out several hours, it returned for further instructions relating to the conspiracy count. The district court, in answering its question, explained the necessity of some overt act and then said: "Now, that is not particularly necessary here because on the testimony which has been adduced the crime itself has been committed."

This error was brought to the attention of the court, and further instructions were given in which the court assured the jury that he did not wish to trespass on their province and ended by saying: "You are to draw your own conclusions; you are certainly mature enough to say whether or not you think there is imputed to this defendant knowledge, in the conspiracy end of this, *that the goods that were stolen* were part of an interstate shipment." (Italics supplied.)

■ It cannot be said that the error was cured, for in the final instructions, as throughout the charge, the fact of theft was implicitly or explicitly assumed by the court to have been established. The defense never agreed or stipulated that a theft had occurred. The presumption of innocence to which appellant was entitled demanded that all factual elements of the government's case be submitted to the jury. It is immaterial that the government's evidence as to the actual theft was uncontradicted. The acceptance of such evidence and the credibility of witnesses is for the jury, even though to the court the only possible reasonable result is the acceptance and belief of the government's evidence. A partial direction of the verdict occurs when the court determines an essential

fact, and this denies the appellant trial by jury. See Bollenbach v. United States, 1946, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350; United States v. Gollin, 3 Cir., 1948, 166 F.2d 123, 125–126; United States v. Raub, 7 Cir., 1949, 177 F.2d 312, 315–316; Carothers v. United States, 5 Cir., 1947, 161 F.2d 718, 722.

Appellant has raised other questions which we do not decide. One of these concerns the sufficiency of the evidence. We have examined this point but do not decide it because in our opinion a new trial should be awarded on count 2 of the indictment. See Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335.

For the foregoing reasons, the judgment of conviction will be reversed and the cause remanded for further proceedings consistent with this opinion.