**UNITED STATES of America,**
**Plaintiff,**
v.
**Douglas C. LINDERMAN, Defendant.**
**Crim. No. 15.**

United States District Court
D. Montana, Billings Division.
June 5, 1957.

Krest Cyr, U. S. Atty., Butte, Mont., and Dale F. Galles, Asst. U. S. Atty., Billings, Mont., for United States.

Charles F. Moses, Billings, Mont., for Douglas C. Linderman.

JAMESON, District Judge.

Prior to trial defendant has moved to dismiss the indictment. The indictment charges a violation of Section 659, Title 18, U.S.C.A., which provides in part:

"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any railroad car, wagon, motortruck, or other vehicle, or from any station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express; or

"whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen; * * *

"Shall * * * be fined not more than $5,000.00 or imprisoned not more than ten years, or both; * * *"

The charging portion of the indictment is as follows:

"On or about the 4th day of July, 1956, at or near Red Lodge, in the State and District of Montana, Douglas C. Linderman, defendant above-named, did buy, receive and have in his possession goods, to-wit: twelve (12) cases of whiskey and eight (8) cases of vodka, of a value of $800.00, which goods had been stolen, unlawfully taken and carried away from a railroad car while said goods constituted and were a part of an interstate shipment of freight; said Douglas C. Linderman then and there well knowing said goods to have been stolen."

The government contends that the indictment is sufficient under Rule 7(c) of the Rules of Criminal Procedure, 18 U.S. C.A. and that cases decided prior to the adoption of the new rules are not in point. Defendant contends (1) that the indictment does not state facts sufficient to constitute an offense; (2) that the indictment is indefinite in that it does not allege ownership of the property; and (3) that the indictment is duplicitous in that it combines accounts of buying, receiving and possessing stolen property.

Rule 7(c) provides that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." This form of indictment constitutes a compromise between the old "prolix document and the extremely short form" and "is one that states the essential facts constituting the offense but omits the formal averments and useless embellishments with which old time draftsmen" were "wont to adorn their products." Arthur T. Vanderbilt, Chairman, Advisory Committee on Federal Rules of Criminal Procedure, 29 A.B.J. 376. See also Reform of Federal Criminal Procedure by Alexander Holtzoff, Secretary of Advisory Committee, 3 F.R.D. 445–449.

In United States v. Starks, D.C., 6 F.R.D. 43, Judge Holtzoff restates the two tests that an indictment must meet: "First, it must apprise the defendant of the specific offense with which he is charged. * * * The second test is that the indictment must be sufficiently definite in order that if the defendant is later charged with the same offense he will be in a position to interpose a plea of double jeopardy."

In United States v. McCulloch, D.C., 6 F.R.D. 559, 560, the court had under

consideration an indictment reading as follows:

"On or about the 16th day of July, 1946, in the Northern District of Indiana, Fridley McCulloch had in his possession three cartons of cigars, which were moving as interstate commerce, and he then knew the cigars to have been stolen."

A motion to dismiss was granted on two grounds: (1) that the indictment did not charge that the goods were taken from any of the places or facilities of transportation enumerated in the statute, and (2) that it did "not identify the stolen goods with sufficient definiteness", holding that "allegations of ownership or other averments tantamount to identify by ownership are essential."

■ In this case it is alleged that the goods were taken from a "railroad car", and the indictment accordingly is not subject to the first objection in United States v. McCulloch; but there is no allegation regarding the ownership of the goods or the ownership, location or description of the railroad car or other means of identifying the stolen goods. In this respect the indictment can not be distinguished from that held defective in United States v. McCulloch. While the attention of the court has not been directed to any other cases precisely in point decided subsequent to the adoption of the new rules of criminal procedure, Barrons Federal Practice and Procedure, Rules Edition, in discussing Rule 7(c) cites United States v. McCulloch in support of the following rule: * * * "The indictment or information should be definite, certain and unambiguous. If the offense involves property, the property should be described with enough accuracy that the accused may prepare his defense and plead the judgment in bar of a subsequent prosecution." * * * (# 1914, p. 67). See also: 76 C.J.S. Receiving Stolen Goods, § 15, p. 26, citing United States v. McCulloch.

■ It is not necessary to allege ownership where the indictment otherwise identifies the stolen goods with sufficient definiteness. See, for example, Goldstein v. United States, 9 Cir., 73 F.2d 804, where the indictment alleged that at the time of the theft the goods were in the possession of a specified railroad, were taken from a car described by number, and were a part of an interstate shipment between specified points, and Nudelman v. United States, 9 Cir., 264 F. 942, where it was alleged that the property was stolen from a described railroad car in the freight yards of a named railroad and part of an interstate shipment between two specified points. See also Kasle v. United States, 6 Cir., 233 F. 878; Bloch v. United States, 5 Cir., 261 F. 321; Fleck v. United States, 8 Cir., 265 F. 617; and Falgout v. United States, 5 Cir., 279 F. 513.

Counsel for the government rely upon Hall v. United States, 8 Cir., 277 F. 19, 22, in support of the rule that "it [is] sufficient for the pleader to describe the offense in the language of the statute." They argue further that the indictment in this case meets all of the elements of the offense under Section 659 as set forth in Rosen v. United States, 2 Cir., 271 F. 651. In each of those cases, however, the indictment specified the ownership or possession of the railroad car and location of the theft. The indictment in this case is not questioned for failure to aver the essential elements of the offense but for failure to identify sufficiently the stolen goods. Counsel have cited no cases under the applicable statute where the goods alleged to have been stolen were not identified more definitely by reference to the location of the theft, description of the facility and ownership or possession thereof, or by other means of identification.

The government argues that the indictment should be held sufficient in view of the form adopted by the Supreme Court pertaining to indictment for receiving a stolen motor vehicle. This argument is plausible, but the court feels constrained to follow United States v.

**462**

McCulloch, supra, which involved the identical offense here charged.

■■ This is a close case. There is sufficient question, however, with respect to the identity of the stolen goods that the court holds the indictment insufficient, particularly in view of the fact that the motion was made in advance of trial. When the indictment is questioned prior to trial it should be construed more strictly than when the question is first raised after trial and judgment. See Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Kane v. United States, 8 Cir. 120 F.2d 990; United States v. Sehon Chinn, D.C., 5 F.R.D. 226.

■ The court finds no merit in defendant's contention that the indictment is duplicitous, since the words "buy, receive and have in his possession" are used conjunctively. See Brown v. United States, 9 Cir., 222 F.2d 293; Troutman v. United States, 10 Cir., 100 F.2d 628; Smith v. United States, 5 Cir., 234 F.2d 385.

The motion to dismiss is granted.