**UNITED STATES of America, Appellee,**

v.

**Stephen WORA and George Wora, Defendants-Appellants.**

**No. 283, Docket 24303.**

United States Court of Appeals Second Circuit.

Argued Feb. 13, 1957.

Decided July 18, 1957.

284

William B. Mahoney, Buffalo, N. Y., for defendants-appellants.

John C. Broughton, Asst. U. S. Atty. for Western District of New York, Buffalo, N. Y. (John O. Henderson, U. S. Attorney, W.D.N.Y., and Richard E. Moot, First Asst. U. S. Atty., Buffalo, N. Y., on the brief), for appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

The Government introduced evidence of the following facts. International Nickel Company, in Ontario, Canada, on October 12, 1954, delivered to a transport company for shipment to Canton, Ohio, approximately 40,000 pounds of cathode nickel bars. This load arrived in Buffalo, N. Y. on the same day and was there shifted to another truck carefully described during the trial as a truck-trailer, which proceeded to Hamburg, N. Y. where it was parked for the night. On the next morning the driver noticed that approximately 2,600 pounds of his cargo was missing, reported it, and then went on towards his destination in Ohio. The Government produced two men who testified that they stole the nickel from the truck-trailer and delivered it to the two appellants, who paid 40¢ per pound for it. Similar evidence was adduced respecting a second shipment of nickel later in October which was similarly stolen by the same thieves and sold to the appellants at 20¢ per pound.

The first count of the indictment charged:

"That on or about the 13th day of October, 1954, in the City of Lackawanna, State and Western District of New York, the defendants, Stephen Wora and George Wora, did buy goods which had been stolen from an interstate shipment of freight, to wit, approximately 2,425 lbs. of nickel, and that said defendants then and there knew said nickel to have been stolen; in violation of Section 659, Title 18, U. S.C."

The second count was identical except for the dates, quantity, and sale price.

The appellants' sole ground for appeal is that the indictment in two respects did not sufficiently state the crime covered by 18 U.S.C.A. § 659: (1) it failed to state the place or facility from which the goods were stolen and (2) it failed

to state that the goods, at the time stolen, were moving in or were part of interstate commerce.

The "moving in interstate commerce" defect was raised before trial by a motion to dismiss, and after verdict by a motion in arrest. The appellants concede that no objection was made on account of the "place or facility" defect in the court below.

■ That portion of the statute pertinent to this appeal is set out in the margin.[1] The first count (as also the second) obviously was laid on the second paragraph and we will presume, for purposes of this opinion, that the phrase "any such goods" refers back to the specific enumerations of the first paragraph, and that the crime set out in the second paragraph is limited to buying or receiving goods embezzled or stolen from the enumerated conveyances or facilities while the goods were "moving as" or were "a part of" or "constituted an interstate or foreign shipment of freight." We think that reference in the indictment to goods "which had been stolen from an interstate shipment of freight," sufficiently measured up to the statutory requirement that the goods shall "constitute an interstate * * * shipment of freight." Moreover, there was ample evidence that the goods were stolen while moving as a part of interstate commerce, and the judge charged that "the government has the burden of showing * * * that the nickel was stolen from the shipment of freight *which was then in the process of moving in interstate commerce.*" The appellants' objection that the indictment should have alleged that the goods purchased were actually moving in interstate commerce at the time of the theft was similar to one raised in United States v. Kaplan, 2 Cir., 156 F.2d 922, 923, a case in which we held that in view of the evidence adduced at the trial such a defect "was one of form rather than substance, and not ground for reversal." We adhere to that decision now, noting that substantially the same penal statute, formerly § 409 of Title 18, is here involved though embodied in a later Code. See also United States v. Drexel, 2 Cir., 56 F.2d 588. The appellants' authorities are inapposite. Grimsley v. United States, 5 Cir., 50 F.2d 509, dealt with an indictment which did not include the allegation that the goods "had been stolen from an interstate shipment," as was charged in the indictment now before us. That case we distinguished in United States v. Drexel, supra. United States v. McGuire, 2 Cir., 64 F.2d 485, certiorari denied 290 U.S. 645, 54 S.Ct. 63, 78 L.Ed. 560, was concerned with the federal lottery statute, formerly 18 U.S.C.A. § 387, now § 1301 of Title 18, which defined a crime of substantive content different from that in which the indictment now before us was laid. It involved an indictment which made it affirmatively appear that the interstate movement had terminated before receipt of the goods by the defendant. And in McGuire it was held that under said § 387 receipt of the goods while still in interstate commerce was an element of the offense there charged. But under § 409, now § 659, the critical element is that the goods be in interstate commerce when the goods were stolen, as we recognized in the Kaplan case. And that element was sufficiently alleged, as we held.

1. 18 U.S.C.A. § 659: *"Interstate or foreign baggage, express or freight; state prosecutions*
"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any railroad car, wagon, motortruck, or other vehicle, or from any station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express; or
"Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen;"

■ The other claimed defect in the indictment consists of. the omission therefrom of a designation of the place or facility from which the goods were stolen. There is no question that the proofs showed that the thefts were committed from motor trucks,[2] and that such vehicles are included amongst the instrumentalities of interstate commerce enumerated by § 659. The criticism is that the indictment failed so to specify.

■ In Grandi v. United States, 6 Cir., 262 F. 123, 124, it was said: "The charge that defendant knew the goods to have been stolen naturally implies that the goods had been in fact stolen. The verdict should not be reversed on account of a defect so obviously technical." Somewhat similarly it may be said of the indictment here under attack that the mention of goods "stolen *from an interstate shipment* of freight" fairly implied that the theft was from an instrumentality of interstate commerce. Since § 659 enumerated practically all the instruments of interstate commerce,—except possibly pipe and electric lines neither of which would be capable of transporting a ton of nickel as was charged—the indictment would naturally be understood as charging that the theft was from one of the enumerated facilities. There thus was not a complete omission of this element of the offense: at most, there was a failure to advise the appellants from which facility, of those enumerated in the statute, the theft had been made. If embarrassed by this lack of specificity they could have moved for particulars under Rule 7(b), Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ The very fact that the objection was not made below suggests that no prejudice was caused by the claimed defect and none in fact was shown. The indictment was sufficient to advise the defendant of what he had to meet and sufficient to protect him against subsequent prosecution for the same offense. It is plausible to believe that the objection was an afterthought engendered by the opinion in United States v. Manuszak, 3 Cir., 234 F.2d 421, which was decided four months after entry of the judgment below. All things considered, we feel, as was said in Grandi v. United States, supra, "the verdict should not be reversed on account of a defect so obviously technical." Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Serra v. Mortiga, 204 U.S. 470, 27 S.Ct. 343, 51 L.Ed. 571; United States v. Varlack, 2 Cir., 225 F.2d 665, 670; United States v. Kaplan, supra; United States v. Fried, 2 Cir., 149 F.2d 1011, 1012, certiorari denied 326 U.S. 756, 66 S.Ct. 97, 90 L.Ed. 454; United States v. Drexel, supra; United States v. O'Brien, 7 Cir., 174 F.2d 341, 346; United States v. Wagoner, 7 Cir., 143 F.2d 1, certiorari denied 323 U.S. 730, 65 S.Ct. 67, 89 L.Ed. 586; United States v. Beck, 7 Cir., 118 F.2d 178, certiorari denied 313 U.S. 587, 61 S.Ct. 1121, 85 L.Ed. 1542. We think that the alleged defect is not one affecting substantial rights and so was one to be disregarded under Rule 52(a), Federal Rules of Criminal Procedure.

With deference, we decline to follow the holding in United States v. Manuszak, supra, which is stated to rest upon Wolkoff v. United States, 6 Cir., 84 F.2d 17; United States v. Cohen, 3 Cir., 274 F. 596; United States v. McCulloch, D.C.Ind., 6 F.R.D. 559. In none of these cited cases did the court go so far as to set aside a verdict of guilty when all the essential elements of the offense were amply supported by the evidence. Indeed, in none of these cited cases did the court sustain an attack on an indictment not made in the trial court.

Affirmed.

2. The United States Commissioner's record on file in the clerk's office show that the complaint on which the appellants were arrested charged that they received the "nickel from a truck of the McCullough Transfer Co. * * * knowing the same to have been stolen from a ship-ment which was moving in interstate commerce * * *"; and that the appellants were "informed of complaint" and · requested a preliminary hearing which was held and at which the appellants were represented by counsel.