**UNITED STATES of America,**
**Plaintiff,**

**v.**

**MONTANA STATE FOOD DISTRIBU-**
**TORS ASSOCIATION, Inc., and Ray**
**Ormesher, Defendants.**

**Crim. No. 344.**

United States District Court
D. Montana,
Billings Division.

July 18, 1967.

---

Lyle L. Jones, Marquis L. Smith, Robert J. Staal and Shirley Z. Johnson, Attys., Dept. of Justice, San Francisco, Cal., and U. S. Atty. Moody Brickett, Butte, Mont., for plaintiff.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for defendants Montana State Food Distributors Ass'n and Ray Ormesher.

## ORDER AND MEMORANDUM OPINION

JAMESON, Chief Judge.

Montana Food Distributors Association, Inc., was indicted November 18, 1966, with one other corporate and several individuals defendants, for violation of 15 U.S.C. Sec. 1, the Sherman Antitrust Act.

The Association has made a motion to dismiss the indictment on the ground that the indictment fails to state facts sufficient to constitute an offense by the Association against the United States. The Association contends that the Government must allege and prove:

(1) That the alleged illegal acts of its officers were authorized, ratified or approved by corporate action; and

(2) That the Association benefited by the alleged violation of its officers and agents.

■■■ Rule 7(c) F.R.Crim.P. requires that the indictment shall "be a plain, concise, and definite written statement of the essential facts constituting the offense charged". The test for determining the sufficiency of an indictment was set forth in Stapleton v. United States, 9 Cir. 1958, 260 F.2d 415, 417–418, 17 Alaska 713, as follows:

> " 'The general rules for determining the sufficiency of an indictment are well settled. Indictments are now immune from the technical challenges permitted at common law. They will be held sufficient if as a practical matter they state the elements of the offense clearly enough to enable the defense to prepare for trial and to plead a judgment in bar of a future prosecution for the same offense. Prejudice to the defendant is a controlling consideration.' (Citing cases).

> \* \* \* \* \* \*

> " 'An indictment is not required to set out all those elements of the offense which must be found by the jury before they may find the accused guilty. It is sufficient "that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." Hagner v. United States, supra, 285 U.S. 427 at page 433, 52 S.Ct. 417 at page 420, 76 L.Ed. 861. In other words, all the essential elements need not be stated directly if they are necessarily implied.' "[1]

■■■ It is well settled also that the defendant, on consideration of the suffi-

---

1. This court considered further the criteria for determining the sufficiency of an indictment in United States v. Williams, D.C.Mont., 1966, 254 F.Supp. 199, and United States v. Linderman, D.C. Mont., 1957, 20 F.R.D. 459. See also 8 Moore's Federal Practice para. 7.04.

ciency of an indictment, "cannot suppose or inject into the case what they think the facts may or did show at trial". Las Vegas Merchant Plumbers Ass'n v. United States, 9 Cir. 1954, 210 F.2d 732, 741.

■■ We are not now concerned with questions of proof, but solely with the sufficiency of the indictment under Rule 7(c) supra. Accordingly it is unnecessary to determine at this time what the Government must prove or whether under the facts asserted by the Association a conviction would be sustained.[2] In this connection, it may be noted that most of the cases cited by the defendant were concerned with the sufficiency of the evidence to sustain a conviction rather than with the sufficiency of the allegations of the indictment.

Defendant concedes in its reply brief that "the indictment would be good against the defendant Association if it were a corporation organized and existing for profit-earning purposes"; but argues that it is insufficient by reason of the fact that the defendant is a trade association organized under the Not For Profit Corporation Statutes Of The State Of Montana.

■ It is true, as defendant argues, that the Government has relied upon cases involving corporations organized

for profit. On the other hand, defendant has not cited any authority holding directly that a different rule would be applicable in the case of non-profit corporations. Certainly in many cases under the Sherman Act trade associations and labor unions have been joined as defendants. In Gulf Coast Shrimpers and Oystermen's Association, et al. v. United States, 6 Cir. 1956, 236 F.2d 658, a labor union attempted to rely upon its charter as a defense to the Sherman Act. The court said in pertinent part:

"[T]he Association's corporate charter while relevant to show the 'objects and purposes' for which it was formed, cannot exonerate it from liability for proven violations of a Federal Statute (Sherman Act) whether the complained of activity of the Association and its agents was ultra vires or not. Unless we are to elevate form above substance, the controlling consideration is whether the proof reveals the activity complained of as violative of the Act, not whether a particular group's asserted privileged status forbids its prosecution. * * * " (at 662.) [3]

Viewing the indictment as a whole, it is my conclusion that it is sufficient to withstand a motion to dismiss. The motion accordingly is denied.

---

2. The brief of Defendant sets forth excerpts from articles of incorporation, by-laws and corporate minutes, indicating possible limits of the authority of officers and agents. Since "[w]ho acted and with what authority, is generally a matter of evidence" (United States v. Tarpon Springs Sponge Exchange, 5 Cir.1944, 142 F.2d 125,) this material may not be considered on a motion to dismiss the indictment, but rather goes to the truth or falsity of the allegations of the indictment. See Universal Milk Bottle Service v. United States, 6 Cir.1951, 188 F.2d 959.

3. See also United States v. General Motors Corporation, 1966, 384 U.S. 127, 86 S.

Ct. 1321, 16 L.Ed.2d 415 (automobile dealers association); United States v. Greater Pittsburg Linen Supply Ass'n, D.Penn. 1950, 10 F.R.D. 585 (linen suppliers association); Allen Bradley Co. v. Local Union No. 3, Intern. Brotherhood of Elec. Workers 1945, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939, rehearing denied 326 U.S. 803, 66 S.Ct. 11, 90 L.Ed. 489. (labor union.)

In Buck et al. v. Gallegher, D.Wash.1940, 36 F.Supp. 405, a three judge court held that a non-profit association of composers, conductors and publishers which had the power to set prices was subject to the Sherman Antitrust Act.