**Nathaniel Walter DUNSON, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 22610.**

United States Court of Appeals Ninth Circuit.

Nov. 19, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 925.

James F. Hewitt (argued), Daniel Weinstein, San Francisco, Cal., for appellant.

John J. Bartro (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Jerold

M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and CROCKER,* District Judge.

BROWNING, Circuit Judge:

■ Appellant contends that the indictment under which he was convicted fails to state an offense.

The indictment, drawn under 18 U.S.C. § 659,[1] charges that appellant, knowing the property was stolen, had possession of a television set "stolen * * * from an interstate shipment of freight moving from Chicago, Illinois, to Oakland, California." [2]

Appellant argues that the statute applies only if the property was stolen from one of the places or facilities specifically listed in the statute, and therefore the indictment fails to allege an essential element of the offense.

An indictment was held invalid on this ground in United States v. Manuszak, 234 F.2d 421 (3d Cir. 1956). The contrary result was reached in United States v. Wora, 246 F.2d 283 (2d Cir. 1957). In the latter case the court reasoned that the words " 'stolen from an interstate shipment of freight' fairly implied that the theft was from an instrumentality of interstate commerce," and it was the reasonable intendment of this language that the theft was from one of the enumerated facilities since section 659 lists *all* such instrumentalities capable of carrying freight of the kind involved. If the defendant required greater specificity to prepare his defense Fed.R. Crim.P. 7(f) provided a simple and complete remedy.

This reasoning is applicable to the present indictment. The allegation that a color television set was "stolen * * * from an interstate shipment of freight moving from Chicago, Illinois, to Oakland, California" necessarily implies that it was stolen from a "railroad car, wagon, motortruck, or other vehicle, or from [a] * * * station, station house, platform or depot or from [a] steamboat, vessel, or wharf, or from [an] aircraft, air terminal, airport, aircraft terminal or air navigation facility terminal or air navigation facility * * *." No other possibility has been suggested.

■ The language of section 659 evidences a clear purpose to reach depredations affecting any conceivable instrumentality by which the interstate transportation of freight may be accomplished. There is nothing to suggest that the

---

\* Honorable M. D. Crocker, Eastern District of California, sitting by designation.

1. The relevant portion of 18 U.S.C. § 659 reads:

Whoever embezzles, steals or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express or other property; or

Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen; * * *

* * * * *

Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; * * *.

2. The body of the indictment read:

The Grand Jury charges: That NATHANIEL WALTER DUNSON, defendant herein, on or about June 1, 1967, in the City of Oakland, County of Alameda, State and Northern District of California, did knowingly have in his possession goods and chattels of a value in excess of $100.00, to wit: One (1) Airline Color Television set, Serial No. 772–9997, Model No. 7657–A, which television set had been stolen on or about May 31, 1967, from an interstate shipment of freight moving from Chicago, Illinois, to Oakland, California, the said defendant knowing at the time of his said possession that such goods and chattels were stolen.

listing of interstate freight facilities in the statute was intended to be less than all-inclusive, i. e., that some interstate freight facilities were intended to be included and others excluded, and therefore the particular interstate freight facility pillaged was to be an element of the offense. "Congress has here undertaken to protect and promote the flow of goods in interstate commerce, and * * * this undertaking is not to be hampered by technical legal conceptions." United States v. Berger, 338 F.2d 485, 487 (2d Cir. 1964). See also United States v. Padilla, 374 F.2d 782, 787 (2d Cir. 1967).

There is no suggestion that appellant was prejudiced by the failure to identify the particular facility involved; and we think it is also clear that the omission did not deprive him of any of the "protections which the guaranty of a grand jury was intended to confer." Russell v. United States, 369 U.S. 749, 763, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962).

■ As we have said, the involvement of one interstate freight facility rather than another is not an element of the offense; and the allegations disclosing the nature of appellant's conduct, when and where it occurred, a precise identification of the article involved, and the date of the theft sufficiently apprised defendant of what he must be prepared to meet (369 U.S. at 763, 82 S.Ct. 1038), and afforded him ample protection against future prosecution for the same offense (369 U.S. at 764, 82 S.Ct. 1038). Moreover, since there was no dispute as to the circumstances surrounding the movement of the television set or its loca-

tion when stolen, appellant could not have been "convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him" (369 U.S. at 770, 82 S.Ct. at 1050).

■ Appellant contends that a comment by the trial court on the weight of the evidence relating to whether the television set was moving in interstate commerce when stolen went beyond permissible limits. If there was error, it was not prejudicial. Apparently, this was the view of appellant's counsel when the incident occurred, for he made no objection although a conference was held between court and counsel out of the presence of the jury immediately following the comment. The trial court clearly informed the jury in the immediate context of the comment, as well as in subsequent general instructions, that the question was one of fact to be decided by the jury alone.

■ Finally, appellant challenges the court's instruction concerning the inference of knowledge from possession of recently stolen property,[3] on the ground that it shifted the burden of proof and violated the privilege against self-incrimination. We rejected identical objections in a similar context in Glavin v. United States, 396 F.2d 725, 729–730 (9th Cir. 1968). Recent decisions suggest that a fuller explanation of the jury's function in relation to inferences of this sort should be given if requested (Verdugo v. United States, 402 F.2d 599, 605 (9th Cir. 1968), and cases cited), but appellant made no such request here.

Affirmed.

---

3. The instruction read:
  Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances shown by the evidence that the person in possession knew the property had been stolen.