**UNITED STATES of America,**
**Appellee,**

**v.**

**George Douglas SPIVEY, Appellant.**

**No. 71–1008.**

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1971.

Decided Sept. 24, 1971.

Boyd C. Campbell, Jr., Concord, N. C., Court-appointed (Hartsell, Hartsell & Mills, Concord, N. C., on brief), for appellant.

William L. Osteen, Jr., U. S. Atty. (Bradley J. Cameron, Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN, CRAVEN and RUSSELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The defendant, indicted and convicted under Section 659, 18 U.S.C. ("theft of goods from an interstate shipment") appeals on two grounds:

(1) The alleged invalidity of the indictment for failure to specify the facility from which the goods stolen were taken; and

(2) Denial of a fair trial by the Government's use as a witness of a co-defendant, who had plead guilty earlier but had not yet been sentenced.

We affirm.

■ In support of his first point, the defendant relies on United States v. Manuszak (3d Cir. 1956) 234 F.2d 421. That decision held that specification of the place or facility from which the goods were stolen was essential to the validity of an indictment under Section 659.[1] Other Circuits have taken a different view, reasoning that, "Since § 659 enumerated practically all the instruments of interstate commerce, * * * the indictment would naturally be understood as charging that the theft was from one of the enumerated facilities," that, accordingly, the failure to specify the facility, did not represent "a complete omission" of an essential element of the offense, and that, if " * * *

embarrassed by this lack of specificity," a defendant could move for a bill of "particulars under Rule 7(b), Federal Rules of Criminal Procedure, 18 U.S.C. A." United States v. Wora (2d Cir. 1957) 246 F.2d 283, 286; Dunson v. United States (9th Cir. 1968) 404 F.2d 447, 448–449, cert. den. 393 U.S. 1111, 89 S.Ct. 925, 21 L.Ed.2d 808. This latter view, which accords with the "clear purpose (of the statute) to reach depredations affecting any conceivable instrumentality by which the interstate transportation of freight may be accomplished" (Dunson v. United States, *supra*, at p. 448), appears to us the better construction of the statute. We accordingly conclude that the indictment of the defendant was not defective for failure to specify the facility from which the goods were stolen.

■ The second contention of the defendant is fully answered by United States v. Boswell (4th Cir. 1967) 372 F. 2d 781, cert. den. Hellams v. United States, 387 U.S. 919, 87 S.Ct. 2033, 18 L.Ed.2d 972,[2] and is without merit.

Affirmed.

---

1. Accord: Wolkoff v. United States (6th Cir. 1936) 84 F.2d 17, 18; but, cf. United States v. Prujansky (6th Cir. 1969) 415 F.2d 1045, 1047, note 1.

2. See, also, United States v. Vida (6th Cir. 1966) 370 F.2d 759, cert. den. 387 U.S. 910, 87 S.Ct. 1695, 18 L.Ed.2d 630.