UNITED STATES of America,
Plaintiff,

v.

Michael Lois HAMPTON and Russell Lee
Scott, Defendants.

No. 71–CR–204.

United States District Court,
E. D. Wisconsin.

March 17, 1972.

David J. Cannon, U. S. Atty., by David Bukey, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Milwaukee, Wis., for Scott.

Alvin Eisenberg, Milwaukee, Wis., for Hampton.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The indictment returned against the defendants in the above-entitled action charges that

". . . on or about September 13, 1971, at Milwaukee, Wisconsin, in the Eastern District of Wisconsin . . . [the defendants] . . . did unlawfully, wilfully and knowingly, and with intent to convert to their own use, steal, take and carry away from the Bruce Motor Freight, goods, of a value in excess of $100.00 that is: two RCA portable color television sets, model number EQ415W, serial numbers 14BCA3738 and 14BC3740, shipped under bill of lading number 06484293, which were moving in interstate commerce from McElroy TV and Appliance, Muscatine, Iowa to Milwaukee TV, Milwaukee, Wisconsin, all in violation of Section 659; Title 18, United States Code of Laws."

The defendant Russell Lee Scott has filed several pretrial motions, including a motion to dismiss the action on the basis that the indictment "fails to allege the stealing and taking and carrying away of goods from any place or facility specified in Section 659, Title 18, U.S.C."

Section 659 provides, in part:

"Whoever embezzles, steals or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express or other property; or

"Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen

\* \* \* \* \* \*
\* \* \* \* \* \*

"Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both. . . ."

The defendant cites United States v. Manuszak, 234 F.2d 421 (3d Cir. 1956), in support of his argument that the indictment fails to allege the essential facts constituting the offense charged. Count 1 of the indictment in *Manuszak* charged that the defendants did "knowingly and unlawfully steal, take and carry away certain goods which were interstate shipment of freight from Philadelphia, Pennsylvania to Geneva, Illinois," and then listed the goods which allegedly were stolen. In finding that the indictment failed to charge a crime under § 659, the *Manuszak* court stated, at page 423:

". . . an indictment which only charges a theft of goods from an interstate shipment of freight without alleging that the goods were taken from one of the specifically enumerated places or facilities does not charge all the essential ingredients of a crime so far as the federal government is concerned. . . ."

"Nowhere in the language of count 1 can allegations be found specifying the place or facility from which the goods were taken. For this reason the count is a nullity . . . and should be quashed."

Later appellate decisions, however, have rejected *Manuszak*. See United States v. Prujansky, 415 F.2d 1045, 1047 n. 1 (6th Cir. 1969). In United States v. Spivey, 448 F.2d 390, 391 (4th Cir. 1971), the court said:

"Other Circuits have taken a different view [from *Manuszak*], reasoning that, 'Since § 659 enumerated practically all the instruments of interstate commerce, . . . the indictment would naturally be understood as charging that the theft was from one of the enumerated facilities,' that, accordingly, the failure to specify the facility, did not represent 'a complete omission' of an essential element of the offense, and that, if '. . . embarrassed by the lack of specificity,' a defendant could move for a bill of 'particulars under Rule 7(b), Federal Rules of Criminal Procedure, 18 U.S.C.A.' United States v. Wora (2d Cir. 1957) 246 F.2d 283, 286; Dunson v. United States (9th Cir. 1968) 404 F.2d 447, 448–449, cert den. 393 U.S. 1111, 89 S.Ct. 925, 21 L.Ed.2d 808."

In my opinion, the present indictment sufficiently apprises the defendant of the charge against him to withstand his motion to dismiss. The allegation that the television sets were "moving in interstate commerce" and were stolen from the Bruce Motor Freight in Milwaukee "necessarily implies" that they were taken from one of the places or facilities set forth in § 659. Dunson v. United States, 404 F.2d 447, 448 (9th Cir. 1968). I find nothing to the contrary in United States v. D'Antonio, 342 F.2d 667 (7th Cir. 1965); if the defendant desires greater specificity to enable him to meet the charge against him, he can move for a bill of particulars. The motion to dismiss must be denied.

The defendant Scott also filed separate motions for discovery and inspection of certain materials alleged to be in the government's possession, and for the production of any exculpatory evidence. However, the defendant has not discussed such motions in his brief, and I assume that the requested materials have been produced by the government; such motions, therefore, will be denied.

Finally, the defendant has moved for the production of the grand jury testimony of the government's prospective witnesses in accordance with the procedure followed in United States v. Cullen, 305 F.Supp. 695 (E.D.Wis. 1969); the government states that it will comply with the defendant's request and, for this reason, the defendant's motion appears to be moot.