UNITED STATES of America

v.

Dan VEAL et al.

Crim. No. 73 H CR 12.

United States District Court,
N. D. Indiana,
Hammond Division.

Nov. 29, 1973.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Andrew B. Baker, Jr., Asst. U. S. Atty., Hammond, Ind., for plaintiff.

Max Cohen, Gary, Ind., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

The indictment in this case filed March 1, 1973 in Count II alleg that the defendants "on or about the 13th day of December, 1972 and continuing to on or about the 14th day of December, 1972 . . . knowingly did have in their possession chattels of a value in excess of $100.00, that is 39,273 pounds of beef which had been embezzled and stolen while said chattels were moving as, were a part of, and constituted an interstate shipment of freight and express from Sioux City, State of Iowa, to Brooklyn, State of New York . . . then knowing said chattels to have been embezzled and stolen . . ." Count I made similar charges against the defendant Dan Veal covering the period from the 25th of September, 1972 to the 26th of September, 1972 in regard to 326 cases of liquor moving in interstate commerce from Louisville, State of Kentucky, to Buffalo, State of New York.

The indictment in this case purports to be under Title 18, United States Code, Section 659, which provides in pertinent part as follows:

"Whoever embezzles, steals or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal, or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express or other property; or

"Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen . . . "

On November 9, 1973 the defendants filed their motion to dismiss the indictment in this case because of the alleged failure of the indictment to state the specific place or facility from which said chattels were stolen and failure to sufficiently identify the goods and chattels in question.

Section 659 and its comparable predecessors have been a part of the federal criminal law for many years. There have been some slight modifications over the years principally adding the names of new kinds of facilities used to transport or convey goods in interstate commerce. The predecessor of this statute was interpreted more than fifty years ago in Grandi v. United States, 262 F. 123 (6th Cir. 1920), as follows:

"Plaintiff in error was convicted under the Act of Feb. 13, 1913 (37 Stat. c. 50, p. 670 [Comp.St. §§ 8603, 8604]). The indictment contained three counts. The first charged the breaking of the seal of a certain railroad freight car containing an interstate shipment; the second, the stealing of goods from that car; and the third, the receipt and possession of goods knowing that they had been stolen from the car in question, and knowing that they were part of an interstate shipment contained in that car, which was alleged to be under transportation in interstate commerce —the places from which and to which the shipment was being made and the names of the consignor and consignee being stated. The conviction was on the third count alone.

"A motion to quash the third count, as not charging that the goods were in fact so stolen, was denied. There is an absence of such specific allegation. But while the count was thus technically subject to criticism, yet, in view of the frame of the indictment taken as a whole, plaintiff in error could not well have been misled to his prejudice. The count fairly informed the accused of the charge against him, and sufficiently so to enable him to prepare his defense and to protect him against further prosecution therefor. Daniels v. United States (C.C.A. 6) 196 F. 459, 465, 116 C.C.A. 233; Bettman v. United States (C.C.A. 6) 224 F. 819, 826, 140 C.C.A. 265. The charge that defendant knew the goods to have been stolen naturally implies that the goods had been in fact stolen. The verdict should not be reversed on account of a defect so obviously technical and unsubstantial. U.S. Comp. Stat. 1916 § 1691 Judicial Code § 269, as amended February 26, 1919 (40 Stat. 1181, c. 48); West v. United States (C.C.A. 6) 258 F. 413, 415, 169 C.C.A. 429."

As recently as three years ago the same court has cited and followed the reasoning in *Grandi*. See United States v. Privjansky, 415 F.2d 1045 (6th Cir. 1969).

One of the leading decisions on this subject is United States v. Wora, 246 F. 2d 283, 286 (2d Cir. 1957), where the court stated:

"In Grandi v. United States, 6 Cir., 262 F. 123, 124, it was said: 'The charge that defendant knew the goods to have been stolen naturally implies that the goods had been in fact stolen. The verdict should not be reversed on account of a defect so obviously technical.' Somewhat similarly it may be said of the indictment here under attack that the mention of goods 'stolen from an interstate shipment of freight' fairly implied that the theft was from an instrumentality of interstate commerce. Since § 659 enumerated practically all the instruments of interstate commerce,—except possibly pipe and electric lines neither of which would be capable of transporting a ton of nickel as was charged —the indictment would naturally be understood as charging that the theft was from one of the enumerated facilities. There thus was not a complete omission of this element of the offense: at most, there was a failure to advise the appellants from which facility, of those enumerated in the statute, the theft has been made. If em-

barrassed by this lack of specificity they could have moved for particulars under Rule 7(b), Federal Rules of Criminal Procedure, 18 U.S.C.A."

Further insight into the legislative purpose of Section 659 is found in Dunson v. United States, 404 F.2d 447, 448 (9th Cir. 1968), cert. den. 393 U.S. 1111, 89 S.Ct. 925, 21 L.Ed.2d 808, where the court stated:

"The language of section 659 evidences a clear purpose to reach depredations affecting any conceivable instrumentality by which the interstate transportation of freight may be accomplished. There is nothing to suggest that the listing of interstate freight facilities in the statute was intended to be less than all inclusive, i. e., that some interstate freight facilities were intended to be included and others excluded, and therefore the particular interstate freight facility pillage was to be an element of the offense. 'Congress has here undertaken to protect and promote the flow of goods in interstate commerce, and * * * this undertaking is not to be hampered by technical legal conceptions.' United States v. Berger, 338 F.2d 485, 487 (2d Cir. 1964). See also United States v. Padilla, 374 F.2d 782, 787 (2d Cir. 1967)."

For a similar reading of Section 659 and the sufficiency of indictments brought thereunder see United States v. Couver, 472 F.2d 472 (9th Cir. 1973); United States v. Spivey, 448 F.2d 390 (4th Cir. 1971), cert. den. 405 U.S. 927, 92 S.Ct. 976, 30 L.Ed.2d 799.

The decision in United States v. D'Antonio, 342 F.2d 667 (7th Cir. 1965) appears to be in accord with the well reasoned decisions above cited and is in no way inconsistent therewith. Another recent decision from a District Court in this Circuit is also consistent therewith. See United States v. Hampton, 341 F. Supp. 481, 483 (E.D.Wis.1972) where the allegations of the indictment was in precisely the same language as found in the indictment here. Judge Gordon stated:

"In my opinion, the present indictment sufficiently apprises the defendant of the charge against him to withstand his motion to dismiss. The allegation that the television sets were 'moving in interstate commerce' and were stolen from the Bruce Motor Freight in Milwaukee 'necessarily implies' that they were taken from one of the places or facilities set forth in § 659. Dunson v. United States, 404 F.2d 447, 448 (9th Cir. 1968). I find nothing to the contrary in United States v. D'Antonio, 342 F.2d 667 (7th Cir. 1965); if the defendant desires greater specificity to enable him to meet the charge against him, he can move for a bill of particulars. The motion to dismiss must be denied."

A good statement by which the adequacy of indictments brought under Section 659 and under similar statutes is found in United States v. Airdo, 380 F. 2d 103 (7th Cir. 1967), where Judge Swygert, speaking for the court, stated:

"As we stated recently, '[a]n indictment must contain all the elements of the offense charged but it is not insufficient for imperfections of form which are not prejudicial.' United States v. Richman, 369 F.2d 465, 467 (7th Cir. 1966). 'The test of sufficiency is whether [the indictment] informs the defendant of what charges he must meet and protects him against double jeopardy' Id. In Richman we held that an allegation in an indictment charging a violation of 18 U.S.C. § 1341 that the defendant caused parcels to be mailed 'for the purpose of executing' a scheme to defraud sufficiently charged the defendant with knowingly causing the items to be delivered by mail. Similarly, in United States v. Parisi, 365 F.2d 601 (6th Circ. 1966), vacated on other grounds sub nom. O'Brien v. United States, 386 U.S. 345, 87 S.Ct. 1158, 18 L.Ed.2d 94 (U.S. March 20, 1967), the Sixth Circuit held that an indictment charging the defendants with 'unlawfully' removing property from a cus-

toms bonded area in violation of 18 U.S.C. § 549 sufficiently alleged that the defendants acted knowingly and wilfully.

"In the context in which it appears in the instant indictment, the word 'unlawfully' supplies the required element of knowledge. Possession of a television set recently stolen from an interstate shipment could be 'unlawful' under 18 U.S.C. § 659 only if the possession were accompanied by knowledge that the set had been stolen. The recitations of the indictment necessarily imply knowledge and the statute is satisfied, if not by the statutory terms, by 'words of similar import.' United States v. Salliey, 360 F.2d 699, 701 (4th Cir. 1966) ; United States v. Martell, 335 F.2d 764, 765–766 (4th Cir. 1964). There is no question, in view of the language used, that the indictment adequately informed the defendant of the charge with which he was faced and that it protects him against a second conviction for the same offense. Nor can the defendant claim that he was prejudiced in any way by the absence of a specific allegation of knowledge. The defendant raised no objection to the omission at the trial. The question whether he knew that the television set had been stolen was the principal issue in the case and the jury was instructed that the defendant could not be found guilty unless such knowledge had been established."

In following the above line of cases one must readily admit that there is some authority to the contrary. See United States v. Manuszak, 234 F.2d 421 (3rd Cir. 1956), which was reaffirmed by the same Circuit in United States v. Allegrucci, 258 F.2d 70 (3rd Cir. 1958). It should be emphasized, however, that *Manuszak* was considered and specifically rejected in *Wora, supra, Dunson, supra,* and *Spivey, supra.* (It would also appear that *Manuszak* is consistent with Wolkoff v. United States, 84 F.2d 17 (6th Cir. 1936) but the same Circuit has later rejected the reasoning of both *Manuszak* and *Wolkoff.*)

It is also correct that there is some older authority below the Court of Appeals level for the defendants' position. See United States v. McCulloch, 6 F.R.D. 559 (ND Ind.1947), and United States v. Linderman, 20 F.R.D. 459 (DC Mont. 1957). While both *McCulloch* and *Linderman* have their source in highly respected members of the Federal Judiciary it would seem that the more recent authority, above cited, from the several Circuits would represent the better and more current interpretation of Section 659 and the indictments thereunder. Therefore, this court respectfully declines to follow the reasoning in *McCulloch* and *Linderman.*

The question of the sufficiency of the description of the goods in both Counts of the indictment must now be considered. In Sterling v. United States, 333 F.2d 443, at page 445 (9th Cir. 1964), cert. den. 379 U.S. 933, 85 S.Ct. 333, 13 L.Ed.2d 344, the court states:

"In United States v. Linderman, 20 F.R.D. 459, 461 (D.Mont.1957), in considering the sufficiency of an indictment under this statute the district judge stated: 'It is not necessary to allege ownership where the indictment otherwise identifies the stolen goods with sufficient definiteness.' We agree with this statement of the rule.

"In the indictment in this case the stolen property was described as six cases of Black & White Scotch Whisky which was stolen from a platform, depot and wharf at Pier 20 in Seattle. In addition to the designation in the indictment of the property there was filed prior to trial a trial memorandum by the government which described in detail exactly where the whisky was stored, what ship it had been unloaded from, the name of the person to whom the whisky was consigned, and then described in detail the activities of appellants Sterlin and Fairbanks in removing the whisky

from the wharf and placing it upon a truck as these activities were seen by eyewitnesses on the date of the theft.

"The purpose of the rule that the properties alleged to have been stolen be sufficiently identified is to provide the defendant with complete information of the crime with which he is being charged so that he may prepare his defense and plead the judgment in bar of a subsequent prosecution. Both of these requirements are amply fulfilled in this case. We therefore hold that there is no merit in appellants' contention of a lack of definiteness in the charge."

Based upon the above and foregoing authorities the court determines that the defendants' Motion to Dismiss is without merit and therefore the same is hereby denied.