**UNITED STATES of America,**
**Appellee,**

v.

**Paul DE FINA, Appellant.**

**No. 295, Docket 27973.**

United States Court of Appeals
Second Circuit.

Argued March 26, 1963.

Decided March 26, 1963.

---

---

Theodore Krieger, New York City, for appellant.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York (Charles A. Stillman, Sheldon H. Elsen, Asst. U. S. Attys., of counsel), for appellee.

Before WATERMAN and KAUFMAN, Circuit Judges, and WEINFELD, District Judge.

## PER CURIAM.

After a trial before a judge sitting without jury appellant was convicted under 18 U.S.C. § 659 [1] of having stolen eight cases of Scotch whiskey, part of an arriving foreign shipment of freight and express, from a wharf at Pier 51, North River, New York. Appellant longshoreman did not testify in his own behalf. The evidence is conclusive that appellant stole the whiskey. In fact, he was apprehended while driving away an automobile which had been constantly under surveillance (as he had been) and in the trunk of which were seven of the stolen cases, the eighth being wedged in behind the front seat. However, he claims he is not guilty of the particular federal crime for which he was indicted and appeals from the failure of the trial judge to grant a motion for a directed judgment of acquittal.

Appellant's defense appears to be that, though every other element of the crime charged was proven and was not even disputed, there was no credible evidence that the theft took place on a "wharf." We disagree. An eyewitness employed for the very purpose of observing the longshoremen loading onto motor trucks shipments discharged from the vessel testified that he saw appellant placing the stolen whiskey cases in the conveniently opened trunk of the automobile. As part of the process of discharging these cases they were stacked on wooden pallets located in an area of the pier not marginal to the shore line and possibly within the bounds of the street. This area, called in the trade "the farm area of the pier," is customarily used during this process. Appellant carried the stolen cases from these stacks to the parked automobile. Appellant would have us hold that this procedure was not theft from the wharf itself but theft from somewhere else. Examining the facts most favorably to appellant, he stole goods being discharged from a vessel at a pier, which goods were in process of being loaded onto a land conveyance at the land area of the pier [2] necessarily utilized for that purpose.

The court below properly found that the appellant's thievery was within the statutory compass and that he was guilty of the offense charged. It would frustrate the obvious intention of Congress were we to construe the statutory language in any other way. The denial of the motion for a judgment of acquittal was proper, and the conviction is affirmed.

---

1. The pertinent portion of the statute upon which the indictment was based reads as follows:

    "659. Interstate or foreign baggage, express or freight; state prosecutions

    "Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any railroad car, wagon, motortruck, or other vehicle, or from any station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express; * * *".

2. "Wharf," "pier" and "dock" are commonly used interchangeably.