**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles David PARKER a/k/a Ramp Parker, Defendant-Appellant.**

**No. 83–8886.**

United States Court of Appeals, Eleventh Circuit.

Dec. 26, 1984.

---

William T. Moore, Jr., Savannah, Ga., for defendant-appellant.

Arthur W. Leach, Asst. U.S. Atty., Savannah, Ga., Margaret I. Miller, Patty Stemler, Washington, D.C., for plaintiff-appellee.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

RONEY, Circuit Judge:

The principal issue in this case is whether to convict under 18 U.S.C.A. § 659, which makes it a crime to steal from interstate or foreign carrier shipments, the evidence must show the goods were stolen from one of the places enumerated in the statute. The issue is presented both on a challenge to the sufficiency of the evidence to sustain this conviction, and on appeal from the denial of a requested jury instruction. Although other circuits are divided on the point, we hold that it is sufficient to prove that the goods were stolen from an interstate shipment without specific evidence that they were taken from a place or facility enumerated in the statute. We affirm, there being no error in the other points on appeal: the admission of evidence under the business records exception, the admission of testimony under the Fed.R. Evid. 803(24) exception to hearsay, and the effect of government counsel's conduct on a fair trial.

Charles David Parker was convicted of possessing cases of Scotch whiskey knowing them to have been stolen from a foreign shipment in violation of 18 U.S.C.A. § 659. Briefly, the evidence supports these facts: David Hayes, a special agent for the United States Customs Service, was notified that a shipment of 905 cases of Scotch whiskey had been stolen while in route from Dewar's distillery in Scotland to Atlanta, Georgia, by way of the port of Savannah. Agent Hayes recovered 15 cases of the stolen Scotch from a tool shed attached to a garage owned by Donald Bracewell, a liquor store owner in Dublin, Georgia. Defendant Parker had sold Bracewell 30 cases of Scotch, including the 15 cases seized by the agents. Parker told Bracewell that he had been given the liquor by a man who owed him money.

Donald Ray Sheffield, after informing agents that he had information concerning the sale of large quantities of Scotch, assisted the Government in investigating the theft of the whiskey by purchasing Scotch from the defendant Parker. Sheffield drove a truck to Parker's house, left his truck behind the house, and got into Parker's truck as requested by Parker. Sheffield and Parker drove down a dirt road while one of Parker's assistants drove Sheffield's truck in another direction. Shortly thereafter, Parker drove Sheffield back to the house. There were 15 cases of Dewar's Scotch in the bed of Sheffield's truck. Sheffield paid Parker $550 for the whiskey. Parker told Sheffield that the Scotch had "come off a big truck from Savannah." The bottles of Scotch purchased from Parker were coded indicating they were part of the foreign shipment that was stolen.

Parker argues that the evidence was insufficient to sustain his conviction because the Government did not prove the goods had been stolen from one of the specific places enumerated in the statute. There was sufficient evidence to prove that Parker had possession of the Scotch and knew the Scotch he sold was stolen, but there is no evidence to show precisely from where the Scotch was stolen or that Parker knew the place of the theft. There was sufficient evidence to prove the Scotch was stolen while in route from Scotland to Atlanta.

The statute makes it a crime to steal from

[a]ny pipeline system, railroad car, wagon, motortruck, or other vehicle, or from

any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility ... goods ... which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property....

18 U.S.C.A. § 659. It also makes it a crime for one to possess such goods "knowing" them to have been stolen. *Id.* The circuit courts are divided on whether it is necessary to prove that the goods were stolen from one of the enumerated places or facilities. The Second, Sixth, Seventh, Eighth, and Ninth Circuits, interpreting the statute broadly, do not require such proof. *United States v. Padilla,* 374 F.2d 782, 784 (2d Cir.1967) (holding that defendant's theft or unlawful taking under § 659 was complete when slacks were removed from the carton in the body of the truck and reduced to his possession and control in the cab of the truck); *United States v. De Fina,* 315 F.2d 362, 363 (2d Cir.), *cert. denied,* 375 U.S. 820, 84 S.Ct. 58, 11 L.Ed.2d 54 (1963) (holding that the theft from "wooden pallets" rather than from wharf was within the statutory compass and any other interpretation would frustrate the intention of Congress); *United States v. Williams,* 545 F.2d 1036, 1039 (6th Cir.1976) (holding that the indictment is not fatally defective if it fails to enumerate one of the statutory facilities or instrumentalities); *United States v. Parent,* 484 F.2d 726, 729 (7th Cir.1973), *cert. denied,* 415 U.S. 923, 94 S.Ct. 1427, 39 L.Ed.2d 479 (1974) (holding as to the interstate nature of the goods that "[t]he statute serves an important role in protecting interstate commerce; therefore, 'we must ... be mindful that Congress has here undertaken to protect and promote the flow of goods in interstate commerce, and that this undertaking is not to be hampered by technical legal conceptions' ") (quoting *United States v. Berger,* 338 F.2d 485, 487 (2d Cir.1964), *cert. denied,* 380 U.S. 923, 85 S.Ct. 925, 13 L.Ed.2d 809 (1965)); *United States v. Dandridge,* 437 F.2d 1324, 1328 (7th Cir.), *cert. denied,* 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971) (holding that circumstantial evidence including possession and other established attendant circumstances were sufficient proof in absence of direct proof); *United States v. Henneberry,* 719 F.2d 941, 945 (8th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1612, 80 L.Ed.2d 141 (1984) (holding "[f]or a conviction under 18 U.S.C. § 659 the government must prove (1) that the chattels were stolen, (2) that they had a value in excess of $100, (3) that defendants had possession of the chattels, (4) that possession was with knowledge that the chattels were stolen, and (5) that the chattels were part of an interstate shipment"); *United States v. Cousins,* 427 F.2d 382, 384–85 (9th Cir.1970) (holding in a case addressing the interstate nature of the goods that "[s]ection 659 has as its obvious purpose the protection and promotion of goods in interstate commerce and 'this undertaking is not to be hampered by technical legal conceptions' ") (citing *Berger,* 338 F.2d at 487); *Dunson v. United States,* 404 F.2d 447, 449 (9th Cir.1968), *cert. denied,* 393 U.S. 1111, 89 S.Ct. 925, 21 L.Ed.2d 808 (1969) (holding that the indictment need not identify the particular facility involved and that the involvement of one interstate freight facility rather than another is not an element of the offense).

The First and Third Circuits construe the statute narrowly and would require such proof. *United States v. Mello,* 469 F.2d 356, 358 n. 4 (1st Cir.1972) (holding one of the three requisite elements necessary in § 659 is "the fact that the goods were stolen from one of the places enumerated in the statute"); *United States v. Allegrucci,* 299 F.2d 811, 812 (3d Cir.1962), *cert. denied,* 372 U.S. 954, 83 S.Ct. 950, 9 L.Ed.2d 978 (1963) (holding that "[t]he statute is a technical one and requires the Government to prove the allegation that the goods were stolen from one of various enumerated places"); *United States v. Olivo,* 278 F.2d 415, 417 (3d Cir.1960) (where appellant contended that § 659 "applies only to thefts from specifically designated places along the interstate commerce route

(including depots), the government concedes that it is accurate, as it must"); *United States v. Manuszak*, 234 F.2d 421, 423 (3d Cir.1956) (holding that under § 659, "it is not a federal crime to steal goods from an interstate shipment of freight unless the goods are taken from one of the specifically enumerated places or facilities").

Without deciding the evidence question, this Circuit has held that an indictment under 18 U.S.C.A. § 659 that is otherwise sufficient will not be "rendered insufficient merely because it fails to specify the instrumentality of interstate commerce from which the goods or chattels were stolen or embezzled." *United States v. Richardson*, 694 F.2d 251, 253 (11th Cir.1982). The *Richardson* court reasoned that

> [t]he enumeration of carriers is not a limitation on the scope of the statute—section 659 covers virtually every mode of transportation—so the allegation of an 'interstate shipment of freight' necessarily encompasses acquisition from one of the enumerated instrumentalities.

*Id.* It then observed in a footnote that in view of the resolution of the question "we need not decide whether acquisition from an enumerated instrumentality is an essential element of the offense described by § 659." *Id.* at 253 n. 3.

Although this Circuit has not addressed the precise question of acquisition from an enumerated instrumentality, this Court has previously interpreted § 659 broadly in the context of other issues. In *United States v. Green*, 446 F.2d 1169 (5th Cir.1971), this Court stated that the broad purpose for 18 U.S.C.A. § 659 is to protect interstate shipments. In rejecting a literal reading of the statute, the *Green* court observed that "while penal statutes are to be strictly construed, the courts are not required to abandon common sense." *Id.* at 1173 (citing *United States v. Brown*, 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442 (1948)). The *Green* court was addressing whether the stealing of a truck with its contents was violative of § 659 under an indictment that used the language "did steal, take, and carry away

from a motor truck." This Circuit's position in *Green* was that "[t]he terms of the statute evince Congress' intent to give it broad application" and that highly technical interpretations are contrary to the present statute and its predecessor. 446 F.2d at 1173.

The clear language of § 659 addresses every conceivable instrumentality by which interstate transportation of freight may be accomplished. *Richardson*, 694 F.2d at 253. There is nothing in the statute to suggest that this listing of interstate freight facilities is intended to be less than all-inclusive. *See Dunson*, 404 F.2d at 449. In enacting this statute, Congress undertook to protect and promote the flow of goods in interstate commerce, not to protect the particular sites enumerated in the statute. The emphasis is on the interstate nature of the shipment.

In this case, the Scotch was shown to be part of an interstate shipment. The defendant had illegal possession of part of this shipment and was shown to be dealing in the illegal sale of this Scotch. The evidence revealed the Scotch to be part of a foreign shipment in route to its destination in the United States. To require the Government to prove the precise instrumentality from which the goods were taken when the evidence clearly indicates that the goods were taken from the foreign shipment at some point in route to its destination would require a highly technical interpretation of the statute not in accord with the statutory intent of broadly protecting interstate shipments. *Cf. United States v. De Fina*, 315 F.2d 362, 363 (2d Cir.1963). Such a technical interpretation would not be consistent with this Court's decisions that the broad purpose of § 659 is to protect interstate or foreign shipments.

 We hold that failure to prove that the stolen goods were specifically obtained from one of the statutorily listed instrumentalities of transportation does not defeat a conviction under 18 U.S.C.A. § 659 where the evidence is sufficient to prove that the goods had been stolen from an interstate or foreign shipment. This deci-

sion controls both the sufficiency of the evidence issue and the contention that the court should have instructed the jury to the contrary.

■ Parker's second contention is that a document identified as a Certificate for Spirits Exported to the United States of America was improperly admitted under Fed.R.Evid. 803(6), the business records exception to the hearsay rule. To be admitted under that exception "the person who actually prepared the documents need not have testified so long as other circumstantial evidence and testimony suggest their trustworthiness." *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253, 1259 (11th Cir.1983). *See United States v. Veytia-Bravo,* 603 F.2d 1187, 1191–92 (5th Cir. 1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 686, 62 L.Ed.2d 658 (1980); *United States v. Flom,* 558 F.2d 1179, 1182 (5th Cir.1977). Nor is it required "that the records be prepared by the business which has custody of them." *Veytia-Bravo,* 603 F.2d at 1191.

■ Robert Haberle, a vice-president of Schenley Distillers, testified that his company, the sole United States importer for Dewar's Scotch, had received the certificate along with other documents from the Scottish distiller of Dewar's. Distributors of the Scotch must process their orders through the Schenley Distillers, thus Dewar's sends Schenley all documents relating to the importation of their Scotch into the United States. Haberle testified that this document was a customs certificate of the United Kingdom representing proof that the Scotch had been imported and thus the purchaser could avoid taxation in the United Kingdom for the cases of Scotch listed on the certificate. This testimony of Haberle was sufficient to support the trustworthiness of the document, and to prove that it was prepared in the usual course of business. That the witness and his company had neither prepared the certificate nor had first-hand knowledge of the preparation does not contravene Rule 803(6). *Itel Capital,* 707 F.2d at 1259; *Flom,* 558 F.2d at 1182.

■ Parker's third contention is that the district court improperly admitted Robert Haberle's testimony about certain information that he had received over the telephone from an unidentified representative of John Dewar concerning the manner in which the distiller marked its whiskey bottles. Five conditions must be met to admit hearsay evidence pursuant to the exception in Fed.R.Evid. 803(24). There must be notice, guarantees of trustworthiness, materiality, probativeness, and a meeting of the interests of justice by introducing such evidence. *United States v. Mathis,* 559 F.2d 294, 298 (5th Cir.1977). The district court found Haberle's testimony was reliable and was more probative on the point for which it was offered than any other evidence which Haberle could have procured through reasonable efforts, since witnesses with direct information on the issue all resided in Scotland.

As to any failure to provide notice, Parker has not shown that he was harmed by the testimony or that he did not have "a fair opportunity to meet the statements." *United States v. Leslie,* 542 F.2d 285, 291 (5th Cir.1976). Haberle's testimony, including the codes, was the subject of the pretrial hearing and later conversations between the prosecutor and Parker's counsel prior to trial. Parker's counsel could have verified any information that the pretrial hearing revealed as to Haberle's testimony. Parker did not object or move for continuance on this ground. *Id.; United States v. Iaconetti,* 540 F.2d 574, 578 (2d Cir.1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977) (holding that where "defendant did not request a continuance or in any way claim that he was unable adequately to prepare to meet the rebuttal testimony [it] further militates against a finding that he was prejudiced by it.").

■ This Circuit holds that a failure to comply with the notice requirement is not controlling if defendant is not harmed and "had a fair opportunity to meet the statements." *Leslie,* 542 F.2d at 291. *But cf. Johnson v. William C. Ellis & Sons Iron*

*Works, Inc.*, 609 F.2d 820, 823 (5th Cir. 1980) (holding the evidence was "not admissible under Rule 803(24) because the requisite advance notice was not given"); *United States v. One 1968 Piper Navajo Twin Engine Aircraft*, 594 F.2d 1040, 1041 (5th Cir.1979) (holding that although "appellant furnished translations of the documents in question to the United States long before trial, as attachments to a motion to file them pursuant to Rule 902(3), Federal Rules of Evidence. ... A motion made under it is not sufficient to put the opponent on notice that the proponent means to offer it in evidence [pursuant to Rule 803(24)]. Had appellant notified the government of 'his intention to offer the statement and the particulars of it,' this would doubtless have been sufficient to predicate admissibility under Rule 803(24)."). Under the abuse of discretion standard of review, the district court's admission of this evidence did not constitute error.

◼ With respect to the fourth issue raised on appeal, since Parker was charged with possession of stolen goods and not theft, the reference to Parker as a thief occurring only one time and in rebuttal argument with no corrective instruction being sought was not sufficient to substantially prejudice and deprive defendant of a fair trial.

AFFIRMED.