In re The NATIONAL TRUST GROUP, INC., Debtor.

William C. A. MOULDER, Plaintiff,

v.

CITY INVESTING COMPANY LIQUIDATING TRUST, Defendant.

Bankruptcy No. 85–751–BK–J–GP. Adv. No. 86–35.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 24, 1989.

James C. Rinaman, Jr., Jacksonville, Fla., for plaintiff.

Richard G. Garrett, Miami, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter is before the Court upon objection of defendant made to plaintiff's introduction of a business record designated as plaintiff's Exhibit 60–A.

Argument of counsel was heard on February 22, 1989, and March 23, 1989, and upon submission of trial memoranda by counsel, the Court enters this Memorandum Opinion.

## FACTS

The plaintiff in this proceeding seeks to admit an internal memorandum designated as plaintiff's Exhibit 60–A regarding audit report of excessive loan authorizations and conflicts of interests in accord with Fed.R. Evid. 803(6) which provides a hearsay exception for records of regularly conducted business activity.

Plaintiff offers this document through the testimony of Charles Atkins, President and Chairman of the Board of National Trust Group ("NTG"), and member of the board of Southern California Savings ("SoCal"). Plaintiff asserts that Atkins: (i) directed or supervised the preparation of the document in his official capacity; (ii) received and reviewed it in the course of his official duties; (iii) had personal knowledge of the identities of the author; and (iv) was intimately familiar with the record-keeping procedures of NTG and SoCal.

The defendant counters that this business document should be ruled inadmissible because (i) the authors do not cite or reference sources of information (ie. financial statements as opposed to rumors in the financial community); (ii) it was not contemporaneously prepared; and (iii) Atkins is not the proper custodian or qualified expert to testify about the records.

## CONCLUSIONS OF LAW

The crux of the objection centers on whether Atkins is the proper witness through which the business record he received in the course of his duties with NTG and SoCal may be admitted.

## A. THE BUSINESS RECORD EXCEPTION

The Defendant has raised an objection to the introduction of this record based on Federal Rule of Evidence 803 which provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness.

(6) Records of Regularly Conducted Activity. A memorandum, report, record or data compilation, in any form, or acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the courts of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed.R.Evid. 803(6)

█ Thus, the following elements must be satisfied prior to the introduction of business records: (a) the document was made at or near the time of the events recorded; (b) by or from information transmitted by a person with first hand knowledge; (c) made and kept in the course of regularly conducted business activity pursuant to a regular practice of that business activity; and (d) all of the above are shown by the testimony of the custodian or other qualified witness.

The Advisory Committee was explicit in its intent to have this section broadly construed:

The form which the "record" may assume under the rule is described broadly as a "memorandum, report, record or data compilation, in any form."

Fed.R.Evid. 803(6) Advisory Committee Note.

The Eleventh Circuit Court of Appeals followed this broad construction of Rule 803(6) in *Itel Capital Corporation v. Cups Coal Co., Inc.*, 707 F.2d 1253 (11th Cir. 1983), where the former vice-president of Itel identified (by deposition) leases and related documents made and kept by Itel in the ordinary course of business. The trial court admitted the evidence over objection of the defendants that the documents were forgeries. The Eleventh Circuit Court of Appeals affirmed the admissibility of the

documents, holding that since the documents were kept in the ordinary course of business "[the] evidence [is] sufficiently trustworthy to bring it within Rule 803(6)." The court opined that once evidence was admitted, appellants were free to argue to the jury that the documents were forgeries. 707 F.2d at 1259, 1260.

The Eleventh Circuit Court of Appeals is not alone in this broad construction of the Federal Rules of Evidence. In the case *In re Japanese Electronic Products*, 723 F.2d 238, 289 (3rd Cir.1983), rev'd on other grounds 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the court held that Rule 803(6) "should be generously construed to favor admission."

■ The Court agrees with this broad construction of Rule 803(6) and finds the document in question to be a business record excepted from the hearsay rule.

### B.  QUALIFIED WITNESS REQUIREMENT

■ A witness authenticating the record at trial need not be the person who actually prepared the record. For example, in *United States v. Parker*, 749 F.2d 628 (11th Cir.1984), a customs certificate of the United Kingdom, prepared by a Scottish distributor of Dewar's Scotch, was properly authenticated by a vice-president of the U.S. importer who received it. The court said the testimony of the vice-president was "sufficient to support the trustworthiness of the document, and to prove that it was prepared in the usual course of business." Id. at 633.

That case is strongly analogous to the facts before this Court in respect to plaintiff's Exhibit 60–A received by Atkins in his capacity as President and Chairman of the Board of NTG. The mere fact that the document was not prepared by Atkins does not alter the fact that the document is of great import to the organization and can be reasonably expected to be relied upon in the regular course of SoCal's business activity. Therefore, plaintiff's Exhibit 60–A is admissible through the testimony of Atkins.

Since the witness need not be the person who actually prepared the record, "a qualified witness is ... one who can explain and be cross-examined concerning the manner in which the records are made and kept." *Wallace Motor Sales, Inc. v. American Motor Sales Corp.*, 780 F.2d 1049, 1060–61 (1st Cir.1985). *See also, Capital Marine Supply, Inc., v. M/V Roland Thomas, II*, 719 F.2d 104 (5th Cir.1983) (account manager who had direct control over a business account could authenticate business records prepared under his direction or supervision, even though he did not actually prepare the records); *United States v. Moore*, 791 F.2d 566, 574–75 (7th Cir.1986) (holding that "the phrase 'qualified witness' is to be broadly interpreted as requiring only someone who understands the system."); and *Hanley v. United States*, 416 F.2d 1160 (5th Cir.1969) (also holding that the custodian's lack of personal knowledge regarding the accuracy of documents "affects the weight only and not the admissibility of the [documents].").

Because of his familiarity with SoCal's recordkeeping procedures and his personal knowledge of this memorandum, it is appropriate that it be admitted through Atkins and he be subject to cross-examination regarding the recordkeeping procedures of the business records involved. Additionally, argument can be made as to the weight the trier of the facts should assign to the evidence.

### C.  THE CONTEMPORANEOUS REQUIREMENT

■ The contemporaneous requirement of Rule 803(6) requires that a record be "made at or near the time" of the event recorded. In the case before this Court the document in question is a memorandum concerning the findings of an internal auditor. Necessarily, this document deals with past events, however the contemporaneous requirement relates to the event of the audit and the subsequent report, not the records and information relied on by the auditor.

The defendant has misplaced its reliance on cases involving the length of time be-

tween the occurrence and recording of events. *See, United States v. Kim,* 595 F.2d 755 (D.C.Cir.1979) (telex report inadmissible where it purported to record bank deposits actually made two years earlier); *Missouri Pacific Railroad Company v. Austin,* 292 F.2d 415 (5th Cir 1961) (report of specific words uttered made fourteen months after the event held to be inadmissible); *Melinder v. United States,* 281 F.Supp. 451 (W.D.Okla.1968) (summary of expenditures inadmissible where there was a lapse of two to five years between the expenditures and their recording). These cases are easily distinguished from the case before this Court. In short, for the cases cited by the defendant to be applicable here, there would necessarily have been an unwarranted lapse from the date of the audit to its preparation. This not being the case, the memoranda in question do not lack contemporaneousness as required by Rule 803(6).

### D. THE BUSINESS ROUTINE AND PURPOSE REQUIREMENT

■ Again, when the Court looks to the Advisory Committee Notes, the broad scope of the Rules is apparent:

> The element of unusual reliability of business records is said variously to be supplied by ... actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation.

Fed.R.Evid. 803(6) Advisory Committee Note.

The memorandum in question, prepared by an internal auditor would obviously fall within this sweeping description. The appellate cases which hold documents inadmissible because of this requirement center on the unusualness of the document itself or the unusual application of the document relative to the purpose of business organization. See *United States v. Kim,* 595 F.2d 755 (D.C.Cir.1979) (telex report made in response to government subpoena inadmissible as a business record); *United States v. Foshee,* 606 F.2d 111 (5th Cir. 1979), *cert. denied,* 444 U.S. 1082, 100 S.Ct. 1036, 62 L.Ed.2d 766 (1980); *Snyder v.*

*Whittaker Corp.,* 839 F.2d 1085 (5th Cir. 1988) (memorandum inadmissible as business record where proponent failed to show it was prepared in the regular course of its author's business).

However, this is not the case before the Court. There is nothing unusual about the ordering, preparation, and transmittal of auditing memoranda among top level executives as those involved in this case.

Rule 803(6) gives this Court the discretionary power to exclude any business records if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." The burden of demonstrating such untrustworthiness is on the party opposing admission. Furthermore, the Rule does not require this Court to independently analyze the procedures used by business in making regularly kept records. *In re Japanese Electronic Products,* 723 F.2d at 289. Accordingly, the Court finds that the document admissible as a business record through Atkins.

### CONCLUSION

Having considered the arguments and relevant case law, the Court finds that Exhibit 60–A is admissible.