**In re A. Eugene THOMAS, Lois B. Thomas, Joint Debtors.**

**Leon P. MINKOFF, Plaintiff,**

**v.**

**A. Eugene THOMAS, Lois B. Thomas, Defendants.**

**Bankruptcy No. 91–15534–AT. No. 92–156.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Sept. 9, 1992.

settlement. The court has for the most part accepted Mrs. Maurer's version.

David McC. Estabrook, Gordon, Estabrook & Yeonas, P.C., McLean, Va., for plaintiff.

Steven K. Davidson, Steptoe & Johnson, Washington, D.C., for Debtors.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The issue before the court is whether certain hearsay testimony by debtor A. Eugene Thomas falls within the exception of Fed.R.Evid. 803(24). The testimony was taken during a two day hearing before this court on September 1 and 2, 1992.

### Facts

This contested matter was commenced by plaintiff Leon Minkoff's motion to lift the automatic stay under 11 U.S.C. § 362(d). The plaintiff holds a first deed of trust on the debtors' real property located on Davis Ford Road in Woodbridge, Virginia; the building on this property is leased to First American Bank of Virginia. In previous hearings on plaintiff's motion, the court has found that pursuant to 11 U.S.C. § 362(d)(1) Minkoff is adequately protected by the value of the realty in excess of his deed of trust note balance. (Additionally, debtors were ordered to pay monthly interest.) The most recent hearing involves issues under § 362(d)(2) of the Code. As to these issues, plaintiff asserts lack of equity in the property and that the property is not necessary for an effective reorganization.

First American Bank holds a second deed of trust on the property. However, debtors assert that First American's interest was obtained by fraud and should be equitably subordinated. In fact, this assertion represents the debtors' principal defense to the Minkoff relief from stay motion. Moreover, debtors have filed a lender liability lawsuit against the bank in a Virginia state court. If First American's second deed of trust is subordinated there will be equity in the realty and no basis to grant relief from stay to Minkoff under § 362(d)(2).

To prove his case for equitable subordination Eugene Thomas testified at length concerning hearsay statements that allegedly do not fall within any hearsay exception under the evidence rules. The statements testified to were made by officers of First American Bank and by debtors' former attorney. It is obvious that debtors' contentions of equitable subordination against the bank must be based in large part upon what Eugene Thomas was told by these persons. And this was the nature of Thomas' hearsay testimony.

During a previous hearing the substance of Thomas' proposed hearsay testimony was disclosed to Minkoff's counsel. All of the hearsay declarants Thomas referred to in his testimony were subpoenaed and appeared at the most recent hearing where they were thoroughly examined by both counsel. Also, prior to hearing depositions had been taken of several of the declarants.

### Conclusions Of Law

Rule 803(24) states:

A statement not specifically covered by any of the foregoing exceptions but hav-

ing equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a *material fact*; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed.R.Evid. 803(24).

Rule 803(24) was not intended to destroy the hearsay rule. It does not give the trial judge unfettered discretion to admit otherwise inadmissable hearsay. However, Rule 803(24) does provide the flexibility needed to carry out the goals set forth in Rule 102, including the encouragement of growth and development of the law of evidence. *See* Barry Russell, Bankruptcy Evidence Manual § 803.36 (West 1991). *United States v. Mandel,* 591 F.2d 1347, 1368 (4th Cir.1979). Given the importance of the factual context surrounding the making of a hearsay statement and its relationship to the litigation, this omnibus exception to the hearsay rule is necessarily employed on a case-by-case basis. *Id.*

█ A proponent of evidence under this rule must satisfy five requirements before evidence will be admitted: (1) the proffered evidence must have a circumstantial guarantee of trustworthiness; (2) the statement must be offered as evidence of a material fact; (3) the statement must be more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; (4) the general purposes of the rules and the interest of justice will best be served by admission of the statement into

evidence; and (5) the adverse party must receive sufficient *notice* in advance of trial to provide a fair opportunity to meet the statements. *See* Fed.R.Evid. 803(24); *Mandel* 591 F.2d at 1368. (emphasis added).

█ My ruling on these factors must be influenced by overall circumstances of debtors' bankruptcy case, of which the Minkoff relief from stay motion has been an integral part. Although First American Bank has also filed a motion for relief from stay based upon its second deed of trust against the same realty in issue here, a final hearing on the bank's motion has been delayed by appeals of this court's earlier rulings concerning its motion and discovery matters.

Debtors' counsel has argued that Thomas' testimony of what he was told by bank officials constitutes declarations by parties and is therefore excluded from the definition of hearsay under Rule 801(d)(2), Fed. R.Evid. This court ruled that the bank is not a party to the Minkoff relief from stay motion, and accordingly Rule 801(d)(2) is not applicable.

Both Minkoff's and First American Bank's motions for relief from the stay have been pending for several months, and Minkoff's counsel has been aware almost from the outset of what Eugene Thomas would attempt to prove. The instant final hearing was originally begun on July 16, 1992. At that time, debtors' former counsel attempted to testify to his side of the equitable subordination defense. This court sustained the objections of Minkoff's counsel to the presentation of such obvious hearsay evidence where no attempt had been made to bring the other declarants to the hearing. The hearing was thereupon adjourned with the understanding that debtors would proceed to discover the bank officials and attorney and have them present at the hearing scheduled for September 1 and 2, 1992.

This was done, and at hearing all declarants covered in Thomas' hearsay testimony were present and examined at length by counsel for both parties. Minkoff's counsel, of course, objected strenuously to the hearsay testimony. However, counsel him-

self acknowledged that the circumstances here turn the rules of evidence "on their head."

It is evident to the court that an overly strict construction of the rules of evidence would severely handicap debtors' efforts to present their defense. Thomas cannot establish equitable subordination of the bank's deed of trust without presenting evidence of what he was told by bank officials. The bank's position, to be expected, has been anything but cooperative, as demonstrated by a protracted resistance to debtors' discovery attempts.

It seems to the court that the situation here is one which "slips through the cracks" of the evidence rules unless the exception of Rule 803(24) is applied. Minkoff's counsel has had ample opportunity to examine both Eugene Thomas and his adversaries and develop the inevitable discrepancies in their testimony.

For all these reasons, I have determined that it is eminently fair to both parties to allow Eugene Thomas' hearsay testimony to stand pursuant to Rule 803(24).

■ The notice requirement of Rule 803(24) is intended to afford the party against whom the statement is offered sufficient opportunity to determine its trustworthiness and provide a "fair opportunity to meet the statement." *United States v. Parker*, 749 F.2d 628, 633 (11th Cir.1984). It must be interpreted flexibly, with this underlying policy in mind. *Furtado v. Bishop*, 604 F.2d 80, 91–92 (1st Cir.1979); *United States v. Evans*, 572 F.2d 455, 489 (5th Cir.1978). The court has found no Fourth Circuit case law contradicting the flexible approach to interpreting the notice requirement of Rule 803(24). *See United States v. Simmons*, 773 F.2d 1455, 1459 (4th Cir.1985); *United States v. Heyward*, 729 F.2d 297, 299–300 (4th Cir.1984); *Unit-*

ed States v. Mandel, 591 F.2d 1347, 1368 (4th Cir.1979); *In re Denslow*, 104 B.R. 761 (E.D.Va.1989).[1] This court believes a rigid interpretation requiring formal written notice is unnecessarily grudging and contrary to the command of Rule 102.[2] The court stated in *Furtado* "that Rule 102 requires that the Rules 'be interpreted with a sense of trial realities, not like a bond indenture.'" 604 F.2d at 92 (citing 4 Weinstein's Evidence ¶ 803(24)[01], at 803–243 n. 4f (4th ed. Supp.1978)).

■ The court finds the plaintiff Minkoff received sufficient notice of Eugene Thomas' testimony and was provided a fair opportunity to meet his statements. The long and tortuous history of this contested matter, as alluded to above, undermines any contention to the contrary. There have been two previous hearings on this motion for relief from stay where the substance and particularities of Eugene Thomas testimony was made clear, and this very same evidentiary question arose at the last hearing. Since then the hearsay declarants have been deposed (some but not all), subpoenaed, testified in court, and subject to cross examination. In sum, the claim that Minkoff received insufficient notice of Eugene Thomas' testimony is implausible.

Accordingly, the court overrules the objection to the hearsay testimony of Eugene Thomas. The testimony is admitted pursuant to exception under Rule 803(24).

The court's ruling will be incorporated in the final order to be entered on Minkoff's motion.[3]

1. In fact, Judge Ellis suggested in *Denslow* that "[t]here appears to be no published decision in which this precise question has been squarely presented and decided." 104 B.R. at 766–67.

2. These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evi-

dence to the end that the truth may be ascertained and proceedings justly determined. Fed.R.Evid. 102.

3. It should be noted that the instant ruling is not intended to suggest what the court's ruling will be on the Minkoff relief from stay motion. Moreover, the instant opinion ignores other exceptions to the hearsay general rule which

might have applied to particular testimony, and the court's ultimate ruling could well be based upon evidence that is admissable without regard to Rule 803(24).