ORDERED PUBLISHED

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-13-1264-BaPaKu |
| ) | |
| JOHN E. HUDSON, ) | Bk. No.   2:13-bk-15622-SK |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| JOHN E. HUDSON, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **O P I N I O N** |
| ) | |
| MARTINGALE INVESTMENTS, LLC; ) | |
| KATHY A. DOCKERY, Chapter 13 ) | |
| Trustee, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on November 21, 2013
at Pasadena, California

Filed – January 14, 2014
Ordered Published – January 17, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sandra R. Klein, Bankruptcy Judge, Presiding

_____

Appearances:     Thomas B. Ure, III, argued for Appellant John E.
Hudson; William S. Fitch argued for Appellee
Martingale Investments, LLC.

_____

Before:  BALLINGER, Jr.,* PAPPAS and KURTZ, Bankruptcy Judges.

_____

     * Hon. Eddward P. Ballinger, Jr., Bankruptcy Judge for the
District of Arizona, sitting by designation.

BALLINGER, Bankruptcy Judge:

Appellant, John E. Hudson ("Hudson" or "Debtor"), appeals the bankruptcy court's "Order Granting Motion For Relief From Stay Under 11 U.S.C. § 362 (Unlawful Detainer)" (the "Stay Lift Order"). The Stay Lift Order annulled the automatic stay retroactive to the bankruptcy petition date. The central issue on appeal is whether the bankruptcy court erred in admitting evidence that a foreclosure sale occurred pre-petition. We REVERSE the bankruptcy court's ruling that the sale occurred pre-petition and the order annulling the stay.

## I. FACTS

Hudson filed a chapter 13[1] bankruptcy petition on March 5, 2013, at 10:28 a.m., in the Central District of California. According to Appellee, Martingale Investments, LLC ("Martingale"), earlier that day, at 10:01 a.m., a trustee's sale was completed at which Martingale purchased Hudson's home located at 1658, 1660, 1662 and 1664 South Van Ness Avenue, Los Angeles, California ("Property"). A Trustee's Deed Upon Sale was issued to Martingale on March 12, 2013 ("Trustee Deed"). After receiving a Notice to Quit, Hudson did not vacate the Property. On March 26, 2013, Martingale filed a complaint for unlawful detainer in state court.

In April, 2013, Martingale filed a motion to lift the stay

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Evidence are referred to as "FRE."

in order to continue the unlawful detainer action and obtain possession of the Property. In the stay lift motion, Martingale asserted that it purchased the Property at a foreclosure sale just prior to the filing of the petition and that Martingale subsequently commenced the unlawful detainer action without knowledge of the bankruptcy filing. Martingale sought annulment[2] of the stay retroactive to the petition date to avoid having to re-file the unlawful detainer action. Attached to the stay lift motion was a declaration of Olivia Reyes, Martingale's property manager (the "Reyes Declaration").

In her declaration, Reyes stated that she was a "custodian" of Martingale's books and records with "personal knowledge" of the Hudson account and that Martingale was unaware of the bankruptcy at the time the unlawful detainer action was commenced. More important, Reyes claimed Martingale purchased the Property at a public sale on March 5, 2013, and that the "sale was completed at 10:01 a.m." Attached in support of the Reyes Declaration was a report ("Sale Report") obtained from the trustee who conducted the sale, NDex West, LLC ("NDex"). The Sale Report is actually an e-mail message prepared by Priority Posting & Publishing, Inc. ("Priority Posting") containing essential information about the sale, including the date and time it was conducted, sales price, number of bidders and witnesses, etc.

---

[2] "[S]ection 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." In re Schwartz, 954 F.2d 569, 572 (9th Cir. 1992).

-3-

Hudson objected to the stay lift motion, arguing two main points. First, he claimed there was no admissible evidence that the sale occurred pre-petition because the Sale Report was not properly authenticated and was comprised of inadmissible hearsay statements by Reyes, who lacked personal knowledge regarding the sale. Second, Hudson argued the post-petition recording of the Trustee Deed voided the sale. Hudson attached a declaration to his objection in which he stated his intention to file a motion to rescind the sale.[3] He also asserted that while the Sale Report indicated "Sale Conducted at: 10:01 AM," "conducted" does not mean the same as "completed" or "concluded."

Martingale replied, claiming inter alia, that the recording of the Trustee Deed did not violate the automatic stay because it related back to the date of the trustee sale. Martingale submitted the declaration of Ric Juarez ("Juarez Declaration"), an NDex employee, in which Juarez stated that "the sale was completed at 10:01 a.m." The Juarez Declaration also based its conclusion solely on the contents of Priority Posting's email message.

The bankruptcy court held a hearing on the stay relief request on May 15, 2013, and stated:

> THE COURT: I reviewed the motion, as well as the opposition, and the timing is that - - and I believe there is admissible evidence, although Debtor argues there isn't. The foreclosure sale took place at 10:01 a.m. on March 5th. The bankruptcy case was filed a few minutes later....

---

[3] The bankruptcy court docket does not indicate such motion was ever filed. The administrative case was dismissed by Order dated September 30, 2013.

-4-

May 15, 2013 Hr'g Tr. at 1:13-18. After hearing from the parties, the court addressed Martingale's counsel:

> THE COURT: [Y]ou included supplemental evidence regarding the time of sale, and it was before the time of the bankruptcy. The foreclosure was at 10:01 and the bankruptcy was at 10:28.

May 15, 2013 Hr'g Tr. at 2:19-22. The bankruptcy court granted the stay lift motion, finding that Martingale's evidence as to the time of the sale was admissible and that under California law the post-petition recording of the Trustee Deed did not violate the automatic stay.[4] On May 21, 2013, the court entered the Stay Lift Order granting the motion.[5] This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). This Court has jurisdiction under 28 U.S.C. § 158.

We also have an independent duty to determine whether an appeal is moot.[6] See United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108, 1112 (9th Cir. 2012). We lack jurisdiction over moot appeals. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th. Cir. 2001). Generally, the failure to obtain a stay of

_____

[4] Hudson does not appeal the bankruptcy court's finding that the recording of the Trustee Deed was not void and did not violate the automatic stay.

[5] The bankruptcy court annulled the automatic stay under section 362(d)(1).

[6] Hudson filed a response to this Court's notice of possible mootness and asserted that the matter is not moot. Martingale did not respond and has not otherwise moved for dismissal on mootness grounds.

an order that approves a sale or lifts the automatic stay moots an appeal. See Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1171 (9th Cir. 1988). The record indicates Hudson did not obtain a stay of the Stay Lift Order. However, the issue here is whether there was an automatic stay in effect at the time of the foreclosure sale. See Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992) (violations of the automatic stay are void, not voidable). The failure to obtain a stay pending appeal does not prevent us from determining whether the automatic stay was applicable at the time of the foreclosure sale. If the stay was in effect, then the sale is void.

We also find that it is possible to grant Hudson effective relief by vacating the Stay Lift Order. "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005) (quoting Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir. 1986)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." See Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988)). Here, there is a live controversy as to whether the foreclosure sale occurred prior to the petition date.

### III. ISSUE

Did the bankruptcy court abuse its discretion when it

-6-

admitted evidence as to the time of the foreclosure sale?

## IV. STANDARDS OF REVIEW

We review an order granting relief from stay for abuse of discretion. Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 915 (9th Cir. BAP 2011). A bankruptcy court's evidentiary rulings are also reviewed under the abuse of discretion test and should not be reversed unless the error was prejudicial. Latman v. Burdette, 366 F.3d 774, 786 (9th Cir. 2004) ("To reverse on the basis of an erroneous evidentiary ruling, we must conclude both that the bankruptcy court abused its discretion and that the error was prejudicial.").

In applying an abuse of discretion test, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d, 1247, 1262 (9th Cir. 2009). If the bankruptcy court identified the correct legal rule, we then determine whether its "application of the correct legal standard [to the facts] was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" Id. (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 577, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)). If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion. Id. We may also affirm on any ground supported by the record. Shanks v. Dressel, 540 F.3d 1082, 1086

-7-

(9th Cir. 2008).

## V. DISCUSSION

Hudson argues that the bankruptcy court erred when it found the Sale Report constituted admissible evidence.[7] Specifically, Hudson claims that the Sale Report is unauthenticated because both Reyes and Juarez lacked personal knowledge of the date and time of the sale.

With respect to the question of when the Property was sold, the bankruptcy judge acknowledged Hudson's objection at the stay lift hearing, but found there was admissible evidence supporting Martingale's position. The bankruptcy court made no specific reference to the Sale Report.[8] However, because the Sale Report is the only substantive evidence supporting Martingale's position as to the time of the trustee's sale, it is clear the court gave it evidentiary value. If the admission of the Sale Report was an abuse of discretion and prejudicial, then the Stay Lift Order must be reversed.

## The Business Records Exception

Bankruptcy court decisions must be supported by admissible evidence. All of the evidence supporting the court's ruling in

---

[7] The trial court has broad discretion as to whether to admit or exclude evidence. See Burgess v. Premier Corp., 727 F.2d 826, 833 (9th Cir. 1984).

[8] The hearing was primarily focused on the debtor's failed argument that the recording of the Trustee Deed was void and violated the stay.

-8-

this case is hearsay.[9]  FRE 802 requires that when, as here, there is an objection to this type of evidence, it must be excluded unless an exception to the hearsay rule applies.

FRE 803(6) sets forth an often-used hearsay exception, commonly referred to as the "business records exception" that provides, in pertinent part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . .
>
> (6) Records of a Regularly Conducted Activity.  A record of an act, event, condition, opinion, or diagnosis if:
>
>   (A) the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
>
>   (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
>   (C) making the record was a regular practice of that activity;
>
>   (D) all these conditions are shown by the testimony of the custodian or another qualified witness, . . . ; and
>
>   (E) neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

As shown below, although Reyes and Juarez are qualified custodians or witnesses, the proper foundation was not laid for

---

[9] Both the Reyes and Juarez Declarations rely on the time of sale representation contained in the Sale Report.  This representation was made out of court, by one other than a trial witness and was offered to prove that the trustee's sale was consummated at the time stated in the report.  FRE 801(c).

the admission of the Sale Report.

## The Declarants are Custodians or Qualified Witnesses Under FRE 803(6)

The foundational requirement found in FRE 803(6) dictates that offered records be authenticated by testimony from a custodian or other qualified witness from the business. Hudson argues that because there is no declaration from a party with first-hand knowledge of the time of the sale, the bankruptcy court should have excluded the Sale Report as hearsay. It is true that both Reyes and Juarez lacked knowledge as to whether the Sale Report was "made at or near the time" by "someone with knowledge." But subsection (6) of FRE 803 does not require the business custodian to certify he or she has first-hand knowledge of the facts set forth in the records being authenticated.[10] In addition, the business records exception does not require the records' custodian to lay the foundational evidence for admission; some other qualified witness can provide the foundation. "A witness does not have to be the custodian of documents offered into evidence to establish Rule 803(6)'s foundational requirements." United States v. Childs, 5 F.3d 1328, 1334 (9th Cir. 1993). "The phrase 'other qualified witness' is broadly interpreted to require only that the witness

---

[10] It is clear both Reyes and Juarez qualify as authenticating witnesses. First, in their declarations, Reyes states she is "custodian of records" of Martingale, and Juarez states he has "custody and control" of the books and records of NDex. Second, the declarations establish that Reyes and Juarez "understand the record-keeping system." And both the Reyes and Juarez Declarations establish that they have custody of the Sale Report and are familiar with the record-keeping system.

understand the record-keeping system." Id. (quoting United States v. Ray, 930 F.2d 1368, 1370 (9th Cir. 1991)). Although Reyes and Juarez did not prepare the Sale Report, their declarations establish that they qualify both as custodians and other qualified witnesses. The problem here is that neither declaration contains the foundational showing required for admissibility of materials such as the Sale Report, which is not a Martingale document, but is a third party record of Priority Posting found in Martingale's and NDex's files.

**FRE 803(6) Applies to Third Party Business Records**

Where a business has a substantial interest in the trustworthiness and accuracy of the records, documents received from another business are admissible as business records under FRE 803(6). The Ninth Circuit has held that a document kept in the regular course of business, but not made by the business, can still qualify as a business record of the enterprise if there is testimony that the document was kept in the regular course of business and the business regularly relied on the document. Childs, 5 F.3d at 1334. In Childs, the Ninth Circuit held that documents prepared by third parties and incorporated into the records of an auto dealership were properly admitted based on witness testimony that the documents were kept in the regular course of the dealership's business and were relied upon by the dealership. Id.; see also MRT Constr. Inc. v. Hardrives, Inc., 158 F.3d 478, 483 (9th Cir. 1998) ("[R]ecords a business receives from others are admissible under [FRE 803(6)] when those records are kept in the regular course of that business, relied upon by that business, and where that business has a substantial interest

-11-

in the accuracy of the records."). Several other circuits also interpret FRE 803(6) to permit admission of documents incorporated into a business's records that were prepared by third parties.[11] Simply put, for the Sale Report[12] to be properly admitted, Martingale must establish (through a custodian of record or qualified witness) that it or NDex kept and relied on the Sale Report in the regular course of business.

### Martingale Failed to Establish the Admissibility of the Sale Report

The Reyes Declaration referred to (and attached) Priority Posting's Sale Report as evidence of the time of the sale. Reyes stated that "I have personal knowledge concerning the method of entry into the records and books. Those entries are made at or near the time of the occurrence during the ordinary course and scope of my duties." Reyes then stated that the sale occurred at 10:01 a.m.

The Juarez Declaration also referred to the Sale Report as evidence of the time of sale. Juarez stated that he had "custody and control of the books and records" and that entries into those books and records were "made at or near the time of the occurrence during the ordinary course and scope of my duties." However, neither Reyes nor Juarez testified that the Sale Report

---

[11] United States v. Doe, 960 F.2d 221, 223 (1st Cir. 1992); United States v. Jakobetz, 955 F.2d 786, 801 (2d Cir. 1992); United States v. Sokolow, 91 F.3d 396, 403 (3d Cir. 1996); United States v. Ullrich, 580 F.2d 765, 772 (5th Cir. 1978); United States v. Parker, 749 F.2d 628, 633 (11th Cir. 1984).

[12] The Sale Report is "[a] record of an act, event, condition . . ." under FRE 803(6).

-12-

was <u>kept</u> in the regular course of Martingale's or NDex's business.

The declarations also failed to provide any evidence that either Martingale or NDex <u>relied</u> upon the Sale Report. No custodian or other qualified witness provided this required foundation. Thus the declarations fail to provide the necessary foundational showing required under the test set forth in <u>Childs</u> and <u>MRT</u>. Because the Sale Report lacks proper authentication, it cannot satisfy the business records exception to the hearsay rule. We conclude that the bankruptcy court abused its discretion when it admitted the Sale Report.

### Hudson was Prejudiced by the Improper Admission of the Sale Report

For us to reverse based on an erroneous evidentiary ruling, we must conclude not only that the bankruptcy court abused its discretion, but this error must have been prejudicial. <u>Latman</u>, 366 F.3d at 786; <u>see also</u> <u>Johnson v. Neilson (In re Slatkin)</u>, 525 F.3d 805, 811 (9th Cir. 2008). We recognize trial courts are given broad discretion to choose between two reasonable views of the evidence. <u>See</u> <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 573-574, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985). The Ninth Circuit's abuse of discretion test as stated in <u>Hinkson</u>, <u>supra</u>, was founded on the general principles contained in <u>Anderson</u>. Both of those cases hold that a trial court's findings are not clearly erroneous, even if the appellate court has a definite and firm conviction that a mistake has been made, so long as the trial court's findings were not illogical, implausible and had support in inferences that may be drawn from

-13-

facts in the record.  See also Lundell v. Ulrich (In re Lundell), 236 B.R. 720, 725 (9th Cir. BAP 1999); Amick v. Bradford (In re Bradford), 112 B.R. 347, 352 (9th Cir. BAP 1990).

Had the proper foundation been laid, we would find that the bankruptcy court was within its discretion when it considered and accepted the facts from the Sale Report.  However, no foundational witness testified that Martingale or NDex kept and relied upon the Sale Report in the regular course of business.  Therefore, the Sale Report cannot be admitted as a business record under FRE 803(6).  Accordingly, the Sale Report is inadmissible, and the bankruptcy court abused its discretion when it considered the Sale Report in granting the stay lift motion.

Given the lack of any other evidence in the record of the time of the trustee's sale, we cannot say that the erroneous admission of the Sale Report was harmless error.  The evidence was critical to the granting of the Stay Lift Order, which retroactively annulled the automatic stay, thereby prejudicing the debtor and his ability to reorganize.

## VI. CONCLUSION

For the foregoing reasons, the bankruptcy court abused its discretion when it admitted the Sale Report.  We REVERSE the bankruptcy court's ruling that the sale occurred pre-petition and the Stay Lift Order.

-14-