[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11626
Non-Argument Calendar
_____

Agency No. 20898-13

RICHARD CHARLES LUSSY,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Internal Revenue Service
_____

(June 2, 2016)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Richard C. Lussy, proceeding *pro se*, appeals the Tax Court's decision upholding the Commissioner of Internal Revenue Service's ("Commissioner") deficiency determinations for the 2010 and 2011 tax years because he failed to substantiate certain claimed business expense deductions.  On appeal, Lussy argues that the Commissioner's collection of the unpaid taxes was foreclosed by the statute of limitations.

We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." *Comm'r  v. Neal*, 557 F.3d 1262, 1268-69 (11th Cir. 2009) (quotations omitted). We review *de novo* the Tax Court's interpretation and application of the Internal Revenue Code and review factual findings for clear error.  *Estate of Jelke v. Comm'r*, 507 F.3d 1317, 1321 (11th Cir. 2007).  An issue not raised in the Tax Court is not properly before us on appeal.  *Stubbs v. Comm'r*, 797 F.2d 936, 938 (11th Cir. 1986).

In tax cases, the expiration of a statute of limitations is an affirmative defense that may be pled, and it is not jurisdictional.  *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d 1255, 1259-60 (11th Cir. 2000).  Under the Internal Revenue Code, the IRS must assess a tax within three years of the date that the taxpayer filed his tax return.  26 U.S.C. § 6501(a).  In general, if the taxpayer timely files his return, it is deemed filed on the last date for filing in that tax year.  *Id.* § 6501(b).

The record reveals that Lussy did not present his statute-of-limitations argument to the Tax Court and, therefore, he has waived the issue. But even if he did not waive it, his argument is meritless because the relevant notice of tax deficiency was timely as to both the 2010 and 2011 tax years, because the Commissioner issued it within three years of the date that Lussy's tax returns were deemed filed.

Next, Lussy argues that the Tax Court erred by admitting and relying upon hearsay evidence from the Commissioner.

In nonjury trial cases, we will not reverse the erroneous reception of evidence "unless there is an insufficiency of competent evidence, or the trial court was induced by incompetent evidence to make an essential finding it would not otherwise have made." *Cain v. Comm'r*, 460 F.2d 1243, 1244 (5th Cir. 1972).

Tax Court Rule 91, titled "Stipulations for Trial," permits the Tax Court to try cases based on stipulated facts and documents. Tax Ct. R. 91. Rule 91(a) provides that "[t]he parties are required to stipulate . . . [to] all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact." Tax Ct. R. 91(a)(1). Under Rule 91(f), where a party fails to participate, the party proposing to stipulate may move the court for an order directing the delinquent party to show cause why its proposed stipulated facts and documents should not be

3

deemed admitted for the purposes of the case. Tax Ct. R. 91(f)(1). The court will then issue a show cause order, and the noncomplying party must file a response showing why the proposed facts and documents should not be deemed admitted. Tax Ct. R. 91(f)(2). If the response is evasive or not fairly directed to the proposed stipulation, the Tax Court will deem the proposed facts and documents stipulated. Tax Ct. R. 91(f)(3).

Under the Federal Rules of Evidence, Rule 803(6) provides an exception to the rule against hearsay for contemporaneous records or reports of events and conditions made in the regular course of business activity. *United States v. Hawkins*, 905 F.2d 1489, 1494 (11th Cir. 1990). Admission of hearsay under this exception requires evidence "sufficient to support the trustworthiness of the document, and to prove that it was prepared in the usual course of business." *United States v. Parker,* 749 F.2d 628, 633 (11th Cir. 1984). It is not necessary that the person who actually prepared the business record testify, nor that the document be prepared by the business which has custody of it, so long as other circumstantial evidence suggests the trustworthiness of the record. *Id.*

The record shows again that Lussy did not present his hearsay argument to the Tax Court, and, therefore, he has waived the issue. Even so, his argument is misplaced because both the Tax Court Rules and the Federal Rules of Evidence

allowed the Tax Court to admit and rely upon the Commissioner's stipulation of facts and its supporting documents.

Finally, Lussy argues that Judge Julian Jacobs should have recused himself from the case because of his bias against *pro se* litigants. We review a judge's failure to recuse himself for an abuse of discretion. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

A judge must disqualify himself if his "impartiality might reasonably be questioned" or when he has a "has a personal bias or prejudice" against a party. 28 U.S.C. § 455(a), (b)(1). Thus, a judge should recuse himself if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted). The bias must be personal, rather than judicial, to require recusal. *Id.* That is, the bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quotations omitted). A judge's remarks may show "such pervasive bias and prejudice that it constitutes bias against a party," but a "judge's comments on lack of evidence" and adverse rulings do not "constitute pervasive bias." *Hamm v.*

*Members of the Bd. of Regents of the State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).

Judge Jacobs showed no bias and therefore he did not abuse his discretion when he declined to recuse himself from this case.  We conclude that Lussy's arguments are without merit.  Accordingly, we affirm.

**AFFIRMED.**

6